EMMET et al. v. RUNYON et al.

(Supreme Court, Appellate Division, Second Department. June 29, 1910.)

1. TRUSTS (§ 327*)—ACCOUNTING BY TRUSTEE—MISAPPROPRIATION OF FUNDS—
DECREE.

Testator bequeathed to his executors $20,000 in trust, to apply the income to his son J. for life, and on his death to divide it equally among his lawful issue. The residue was bequeathed to the executors in trust for the use of testator's three children including J. for life, and, on the death of either leaving issue, to pay to such issue that portion of the principal to the income of which the parent was entitled, etc. J. was appointed one of the executors, and converted of the estate $12,429.45. He resigned, and in 1903 new trustees were appointed, and in the settlement of the accounts it was adjudged, after directing certain payments then to be made, that from the fund held for J. should be deducted the amount misappropriated by him, and that he should be paid the income from $7,561, balance of the trust' fund, which should be held in trust for him instead of the $20,000, and that on his death that amount only should be divided among his issue. *Held*, that such judgment was conclusive on all the parties until modified, but that, so long as J. lived, that part of the judgment directing distribution on his death was premature, and was subject to change when J.'s death actually occurred.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 487; Dec. Dig. § 327.*]

2. TRUSTS (§ 327*)—ACCOUNTING—DECREE—RELIEF.

So much of the judgment as charged the loss due to J.'s conversion on the principal of the fund bequeathed to his children on his death was erroneous, and, though the trustees were authorized to withhold the income on such portion of the $20,000 trust fund as equaled the estate assets converted, they had no power to apply such loss in reducing the principal of the fund as against J.'s children.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 487; Dec. Dig. § 327.*]

3. TRUSTS (§ 328*)—ACCOUNTING—DISTRIBUTION—JUDGMENT—MODIFICATION.

Where the court, on an accounting by a trustee during the life of one of them who was a cestui que trust, and who had converted a part of the trust fund, erroneously directed that the loss to the estate should be charged against so much of the principal of the fund as was bequeathed to his children after his death, such judgment, though not appealed from, was subject to modification after his death had occurred in an action brought for an accounting and distribution of the estate, to which all persons interested were made parties, so as to place the loss ratably on all the legatees.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 488, 489; Dec. Dig. § 328.*]

4. JUDGMENT (§ 331*)—MODIFICATION—PERSONS CONCLUDED.

A judgment changing the method of distribution of a trust fund as decreed by a former judgment for accounting and distribution, was not binding on a party in interest who was not served with any pleading indicating that such relief would be applied for as authorized by Code Civ. Proc. § 521, she being entitled to assume that the accounting and distribution would accord with the rights of the parties as determined by the former judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 632; Dec. Dig. § 331.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. Judgment (§ 117*)—By Default—Conformity to Pleadings.**

Where a judgment fixing the rights of parties under a trust had been entered, and a subsequent complaint for an accounting and distribution did not demand any modification or change in the interests as so adjudicated, a judgment modifying the manner of distribution was invalid as to a party in interest not having answered nor being given an opportunity to be heard, under Code Civ. Proc. § 1207, providing that where there is no answer, the judgment cannot be more favorable to plaintiff than that demanded in the complaint.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 233; Dec. Dig. § 117.*]

**6. Judgment (§ 686*)—Decree of Distribution—Modification—Persons Concluded.**

Testator bequeathed the residue of his estate in trust to apply the income to the use of his three children for life, and on the death of either, leaving issue, to pay the issue the portion of the principal to the income of which the parent was entitled, and, in case either died without issue, to pay the principal to his or her next of kin or heirs at law. *Held* that, where one of testator's children, G., died incompetent and without issue, the share of G.'s niece, child of another of testator's children surviving G., acquired the portion of G.'s interest not as G.'s heir, but under the will, so that the appearance and answer of G.'s committee in a suit for an accounting and distribution by the trustees in which a judgment was rendered, modifying the manner of distribution prescribed by former decree, did not render such modified judgment conclusive on the niece, she not having appeared and answered in such subsequent proceeding, and not having been notified that a modification was desired.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1209; Dec. Dig. § 686.*]

**7. Judgment (§ 336*)—Modification—Vacation—Remedy—Motion.**

Where a judgment modifying a decree fixing the mode of distribution of a trust estate, was rendered without a party in interest having an opportunity to be heard, the latter's remedy was by motion to set it aside as authorized by Code Civ. Proc. § 1283.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 664, 724; Dec. Dig. § 336.*]

**8. Judgment (§ 320*)—Modification—Jurisdiction.**

Where, in an action for an accounting by trustees, the court in July, 1903, entered a judgment which, in addition to allowing the account, provided that a devastavit by one of the trustees should be charged against the share of the estate ultimately distributable to his children, the Special Term, after having rendered a judgment in a subsequent action for an accounting and distribution in March, 1909, was without jurisdiction to amend the judgment of 1903, but could only set aside the judgment last rendered and grant a new trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 618; Dec. Dig. § 320.*]

**9. Trusts (§ 327*)—Trustees—Accounting—Judgment.**

Where a judgment fixing the method of distribution of a trust estate was partially erroneous, but was unappealed from, a distribution by the trustees in accordance with such judgment was valid as to them.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 487; Dec. Dig. § 327.*]

**10. Judgment (§ 336*)—Amendment—Motion—Statutes.**

Code Civ. Proc. §§ 1001, 1002, providing for a motion for a new trial by the Appellate Division on exceptions, where the trial has been had by the court or a referee, has no application to a motion to amend or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vacate the judgment for error of fact not arising on the trial by the party against whom it is rendered authorized by section 1283.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 664, 724; Dec. Dig. § 336.*]

Appeal from Special Term, Westchester County.

Action by William T. Emmet and another as substituted trustees under the will of Benjamin H. Lillie, deceased, against Ella V. L. Runyon and others, impleaded with Julia W. Porges. From an order granting a new trial after the settlement of the accounts of the trustees, Louis Hanneman, guardian ad litem of certain minors, appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, CARR, THOMAS, and RICH, JJ.

Louis Hanneman, pro se.

Maurice Dillon and Robert A. B. Dayton, for respondents.

RICH, J. By the sixth subdivision of the will of Benjamin H. Lillie, deceased, the testator bequeathed to his executors the sum of $20,000 in trust, to invest and keep the same invested, and apply the income thereof to the use of his son James W. Lillie, during his natural life, and upon his death to divide the principal equally among his lawful issue. The residue of his estate was given to the executors in trust, to apply the income thereof to the use of three children of the testator, Julia M. Gimbernat, the said James W. Lillie and Thomas W. Lillie, during their respective lives, and upon the death of either, leaving issue, to pay to such issue that portion of the principal to the income of which the parent was entitled, and in case either died without leaving issue, to pay such principal to his or her next of kin or heirs at law. The three children of the testator, above named, and Richard S. Emmet, were appointed executors. Thomas W. Lillie never qualified, and died in 1875, leaving the defendant respondent Julia W. Porges his only child him surviving. Letters testamentary were issued to the other persons named as executors, who qualified and entered upon the discharge of their duties. In 1873 James W. Lillie converted and applied to his own use property of the estate to the amount of $12,429.45, and in March of that year resigned as executor. In 1901 Julia W. Gimbernat was removed as executrix because of incompetency, leaving Richard S. Emmet the sole surviving executor. He died on November 23, 1902, and thereafter an action was brought by the plaintiffs, as executors of his will, against all of the parties interested in the estate of said Benjamin H. Lillie for an accounting and the appointment of new trustees. On July 11, 1903, a judgment was entered in that action adjudicating and settling the account of Richard S. Emmet, and of the plaintiffs as his executors, directing the payment to said Julia W. Porges of the one-third of the residuary estate, which one-third was determined and fixed at $31,-402.90; that another equal one-third of the residuary estate should be held in trust for Julia W. Gimbernat, the incompetent, during her natural life, to conform with the provisions of the will of her deceased

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

father. It then directed that from the fund held for James W. Lillie there should be deducted the said sum of $12,429.45, misappropriated by him, and that he should be paid the income from $7,561, balance of the trust fund, which amount should be held in trust for him instead of the $20,000 directed by the will, and that upon his death that amount only should be divided among his issue under the provisions of said sixth subdivision of said will. In ascertaining the amount of the residuary estate, one-third of which was directed paid to Julia W. Porges and one-third held in trust for Julia W. Gimbernat, the $12,-429.50 misappropriated by James W. Lillie was included as an asset of the estate, and the defendants Porges and Gimbernat each actually received an amount equal to one-third of this worthless asset in money or property of the estate. No appeal was taken from this judgment.

In 1905 this action was commenced by the substituted trustees against the same parties who were made defendants in the former action, except that the committee of the person and property of said Julia W. Gimbernat, who had been adjudged an incompetent person after the entry of the former judgment, was added as a party defendant. After the commencement of the action James W. Lillie died, and the administratrix of his estate was substituted as a party defendant. The infant defendants represented by the appellant, their guardian ad litem, are the children of James W. Lillie. At the time of his death he was insolvent, he had not refunded any part of the money misappropriated by him, and nothing was paid to him as income upon the amount converted for six years preceding his death. The complaint asked for the judicial settlement of the accounts of the substituted trustees, plaintiffs; the acceptance of their resignation; the appointment of a new trustee and the payment to him of the trust funds; the discharge of the plaintiffs as trustees; and for such further and other relief as might be proper, with costs of the action. The only defendants who answered were the infants, by the appellant as their guardian ad litem, and the committee of the person and estate of Julia W. Gimbernat, the incompetent. Their answers do not appear in the record, but it does appear that they were not, nor was either of them, served upon the defendant Julia W. Porges. A referee was appointed to hear and determine the issue, who made a report upon which judgment was entered on March 12, 1909, which, among other things, directed an equal division of the residuary estate remaining—the defendant Porges having received her share—between the general guardian of the infant children of said James W. Lillie and the committee of the incompetent, Julia W. Gimbernat. In making this division, the worthless asset representing the claim against said James W. Lillie was included, so that the loss to the estate by his misapplication fell in part upon the fund held in trust for Julia W. Gimbernat, instead of wholly upon the children of James W. Lillie, as directed and provided in and by the judgment entered in July, 1903. On April 1st, 1909, following the entry of this judgment on March 12th, Julia W. Gimbernat died, leaving no issue, and under the provisions of the will her share in the estate goes to her next of kin, of whom the defendant Julia W. Porges is one. The plaintiffs, after waiting 30 days and no appeal having been taken at the end of that period, distributed the estate in conformity

with the directions .of the judgment. On April 20, 1909, the defendant Julia W. Porges moved at Special Term to vacate and set aside the judgment of March 12, 1909, or to amend the same and make it conform to the provisions of the judgment of July 11, 1903, by deducting from the trust fund of $20,000 the whole of the money misappropriated by James W. Lillie ($12,429.45), leaving such fund to consist of an unpaid balance due and unpaid 'upon a bond of said Lillie of $1,143, and $6,427.55 cash, and by adjudging that the rest, residue, and remainder of the property and assets in the hands of the plaintiffs as trustees be divided into two equal parts or shares, and disposed of as directed by the judgment, viz., one part or share paid to the general guardian of the infant children of James W. Lillie, and the other to the committee of Julia W. Gimbernat. Upon the hearing of this motion the learned Special Term justice, holding that he was without power to amend the judgment entered in 1903, granted an order vacating and setting aside the order of reference and judgment entered thereon, in March, 1905, and directing a new trial of the action at a special term of the court, subject, however, to the following conditions :

"(1) That the accounts of the plaintiffs, as substituted trustees, bearing date March 1, 1909, 'and heretofore filed in the office of the clerk of the county of Westchester, stand allowed as the accounts of the said substituted trustees, except as to such items thereof as relate to the said claim of $12,429 against James W. Lillie, and the manner in which and the persons to whom said claim shall be distributed. (2) That all payments of costs and allowances directed by the aforesaid judgment of this court dated March 12th, 1909, and made by the plaintiffs in compliance with the terms of said judgment be allowed as made. (3) That inasmuch as the plaintiffs herein, relying upon the said judgment of March 12, 1909, made a distribution of all the assets of the estate in accordance with the provisions of said judgment, such distribution having been made after the time had expired within which any party hereto might take an appeal from said judgment, any judgment which may hereafter be entered herein shall be without prejudice to the plaintiffs on account of any acts on their part done in compliance with the terms of the aforesaid judgment dated March 12, 1909; and any judgment which may hereafter be entered herein in so far as such judgment may direct any different distribution of the said claim for $12,429 against James W. Lillie than that already directed to be made by the judgment bearing date the 12th day of March, 1909, shall be in the form of directions to the parties to whom said claim, or fractional portions thereof, has already been distributed by the plaintiffs herein and shall not be in the form of directions to the plaintiffs who have already distributed the assets as aforesaid, and, therefore, are no longer in a position where further directions as to distribution can be complied with. And it is further ordered that leave be and it is hereby granted to plaintiffs within twenty days after the entry of this order and service of this order and notice of entry thereof on the attorney for the plaintiffs, to make and serve an amended and supplemental complaint of the plaintiffs be so advised; that each defendant in this action have leave within twenty days after the service on his or her attorney or guardian ad litem of such amended and supplemental complaint to make and serve such answer to the same as he or she may be advised."

From this order the special guardian appeals.

The judgment entered in July, 1903, was absolute and binding upon all parties until such time as its provisions were lawfully changed or modified by the court. That action, so far as it involved directions

and instructions to the substituted trustees to set aside a security amounting in value to $1,143 and $6,427.55 in cash, and the aforesaid claim of the estate against James W. Lillie for the estate assets converted by him, should form the $20,000 trust fund of which said Lillie was given the income, and his issue the principal, upon his death; that only $7,561 should be thereafter held in trust for him, and that amount only payable to his issue upon his death may properly be regarded as advice given to the substituted trustees. When this judgment was rendered, James W. Lillie was alive, and the only practical question that could then arise was the disposition of the income of the estate during the life of James W. Lillie. They needed no advice at that time as to the disposition of that portion of the estate in which his children were interested upon his death. That contingency had not then arisen, and to that extent the judgment was subject to change when his death actually occurred. A judgment of this character is not absolutely conclusive except to the extent necessary at the time of its rendition. Rudd v. Cornell, 171 N. Y. 114, 63 N. E. 823. So far as the judgment of 1903 charged the loss to the estate through the wrongful act of James W. Lillie, upon the principal of the fund bequeathed to his children upon his death, of which principal he had no ownership and in which he had no interest, it was manifestly erroneous and unjust. The infant cestui que trusts, thus compelled to pay the whole of the loss to the estate caused by the wrongful act of their father, were no more chargeable with the loss to the estate than were the other legatees. Such disposition of the fund was clearly contrary to the provisions of the will. While the trustees might very properly —and did to the extent of over $4,000—withhold the income upon such portion of the $20,000 trust fund as equaled the estate assets converted, they were without power to apply such loss in reducing the principal of the fund. While it is true that the parties were all in court, and that no appeal was taken from the judgment, I think the court was not without power after the death of James W. Lillie, and in an action brought for an accounting and distribution of the estate to which all persons interested were made parties, to direct such disposition of the estate as accorded with law and the rights of the parties under the will, although the effect of such direction would be to change the former judgment by the correction of the error therein, and that a judgment placing this loss ratably upon all of the legatees, who were equally innocent of wrongdoing, would be authorized, valid and binding upon all parties to the action who had been given the opportunity to be heard. A court of equity possesses the power to do this, and it may be exercised for the relief of infant legatees. But the respondent Julia W. Porges was not given this opportunity, and as to her the judgment was not operative. The complaint did not demand any modification or change in the interests in the estate of the respective parties to the action as adjudicated by the judgment entered in 1903. She had the right to assume that the accounting and distribution would accord with the rights of the parties as determined by that judgment. The infant defendants might have required a determination of their rights under section 521 of the Code of Civil Procedure by serving a

copy of their answer upon their codefendant Julia W. Porges, who would have been bound by the adjudication of the court upon that question. This not having been done, no judgment could be rendered changing the rights of any of the parties as fixed by the former judgment. Such a judgment was rendered, and it was, as to Julia W. Porges, violative of the provisions of section 1207 of the Code of Civil Procedure. She had been paid her share of the estate as the sole child of her deceased father, and were her rights confined to that interest in the estate she would have no standing in court, and could not raise the question she presents, but by the death of Mrs. Gimbernat without issue, Mrs. Porges became entitled to a share in the principal of the trust fund of which the former was given the income during her life, and because of this right and interest she is aggrieved by the provisions of the later judgment. I do not overlook the fact that Mrs. Gimbernat, being a party to the action, appeared therein by her committee and was bound by the judgment. Mrs. Porges would be equally bound if she derived her interest through or from Mrs. Gimbernat, but she does not. She acquires her interest in the estate under the provisions of the will, and is not bound by the provisions of the judgment. The only material difference between the two judgments is the change made in making the loss to the estate through the wrongful act of James W. Lillie chargeable ratably upon the cestui que trusts instead of wholly upon the principal of the $20,000 trust fund given to the issue of said Lillie upon his death, and Mrs. Porges is the only person who raises any objection to the judgment of 1909. Her remedy was by motion (Balch v. City of Utica, No. 2, 42 App. Div. 567, 59 N. Y. Supp. 516; Clapp v. McCabe, 155 N. Y. 525, 533, 50 N. E. 274), and section 1283 of the Code authorizes the procedure. The learned Special Term justice correctly held that he was without power to amend the judgment entered in 1903 in the manner requested (Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084), and he granted the only relief at his command which would result in justice to all of the interested parties.

The contention of appellant as to the conditions attached to the relief granted are without merit. The plaintiffs disbursed the estate as directed by the judgment in consequence of which they were not in a position to comply with a judgment directing a distribution of the estate in a different manner, and they were entitled to the protection of the court. Under these conditions it was proper for the court to direct that such account and payments stand allowed as made, and none of the parties were in any manner injured by such direction. The only persons interested in the single question to be determined on the new trial are the children of James W. Lillie and Julia W. Porges. Said children are entitled to the one-third of the residuary estate and the principal of the $20,000 trust fund. Julia W. Porges and said children, who are the only next of kin of the deceased Mrs. Gimbernat, are entitled to the remaining one-third of the residuary estate. This being so, we are not impressed with the argument that the result of allowing the order to stand will be complicated and costly litigation. The provisions of sections 1001 and 1002 of the Code have no applica-

tion to the motion made in the case at bar. Such motion was not for a new trial, but to amend or vacate the judgment, and, so far as the latter relief is concerned, is authorized by section 1283.

The order must be affirmed.

**Order affirmed with $10 costs and disbursements. All concur.**