In the Matter of the Estate of MELANCHTON BURR, JR., Deceased.

Surrogate's Court, New York County, April 8, 1932.

*King, Barr & Robbins*, for the petitioner.

*Murray D. Welch*, for Elsie Hobart Burr.

*Curtis, Fosdick & Belknap*, for Julia D. Smith.

*Van Rensselaer Burr*, in person.

*Henry A. Thellusson*, special guardian.

FOLEY, S. Separate accounts have been filed by the present trustee and by the former cotrustee. The first, by the Central Hanover Bank and Trust Company, the corporate trustee. The other by Van Rensselaer Burr, who was removed as trustee by a decree of this court, dated April 15, 1931. The testator created by his will a trust of the residuary estate, under the terms of which the trustees were directed to pay $3,000 annually out of the income to the testator's widow during her life. She still survives. The balance of the income was directed to be divided between her and Van Rensselaer Burr, a son, during their respective lives.

The account filed by the individual trustee discloses that he managed certain real property held in common by the trustees with other persons. He collected the rents of this real estate, but misappropriated a large amount not only as against the cotenants, but also of funds belonging to the trust. Upon discovery of this he was removed as trustee. The objections filed by the cotrustee and the widow of decedent must be sustained, and the individual trustee surcharged with the amount of rents unlawfully converted by him. These sums amount in gross to the sum of $21,511.95. The net amount, after deductions for certain payments made by him and the income to which he was entitled as beneficiary, is the sum of $14,784.29, together with further interest and penalties on taxes and further interest on a tenant's deposit which he also improperly retained. I find that there is also due from the defaulting trustee interest in the sum of $1,307.21 paid to the widow on the amount of income withheld from her.

The supplemental account of the corporate trustee sets forth the foregoing amounts, with which the defaulting trustee is chargeable. The corporate trustee claims the right to withhold all income accrued as well as future income which would be otherwise payable to Van Rensselaer Burr as life tenant, until sufficient shall have been received to make up the sums misappropriated by him as trustee. I hold that such income may be retained until the amount of the defalcation is made good.

The defaulting trustee makes no opposition to the withholding of income due him. His divorced wife, however, contends that under equitable rules his income should be continued and that she should be paid out of it the amount of alimony awarded to her by the decree of divorce. The amount of such alimony was $3,600 per year. In the absence of the defalcation of the husband, there would be no question that she would be entitled to be paid out of his trust income for her support and maintenance. (*Matter of Yard*, 116 Misc. 19; *Wetmore* v. *Wetmore*, 149 N. Y. 520.) From the standpoint of equity, however, she is in no better position than

he is. Her interest attaches only to income payable to him. As none is payable to him until the deficiency, which has resulted from his diversion, is made good, she has no claim upon the income.

The equitable jurisdiction of the Surrogate's Court, particularly in accounting proceedings, has been repeatedly sustained by recent decisions. (Surr. Ct. Act, § 40; *Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Cook*, 244 id. 63, 66; *Matter of Malcolmson*, 188 App. Div. 600.) With this recognized jurisdiction it is necessary only to apply to the present situation the established rule of equity that the rights of a beneficiary of an estate to restitution, as against a defaulting trustee, are superior to those of the trustee in his capacity as life tenant, or as owner of an outright share of the estate, or as against his assignees or creditors. The rule of priority likewise applies to any claim asserted by the former wife of such a trustee under the circumstances existing here. This rule is tersely stated in the note to Perry on Trusts (7th ed. at p. 1441): " Where a trustee who was also a beneficiary is a defaulter, the amount of the default is a first claim on his beneficial interest, even when he has assigned his beneficial interest before the default." (See, also, Lewin Trusts [13th ed.], 959; 39 Cyc. 234.) This rule of equity has been applied by the authorities in this and other jurisdictions against income due under the terms of the will as well as against absolute shares payable to the delinquent fiduciary. In *Matter of Eisner* (129 Misc. 106; affd., 222 App. Div. 727) an outright remainder interest of the delinquent trustee was held to be subject to the claims of the estate for the defalcation of the remainderman in his capacity as executor and trustee. It was there held that his assignee took subject to subsequent as well as prior equities between the trustee and the estate. Examples of the power of a court of equity to apply income to secure restitution against a defaulting trustee may be found in numerous cases. (*Earle* v. *Earle*, 93 N. Y. 104; *Matter of Ungrich*, 201 id. 415; *Emmet* v. *Runyon*, 139 App. Div. 310, 316; *Belknap* v. *Belknap*, 87 Mass. 468.) In the latter case the defalcation directly affected the income payable to the trustee. It was held that an assignment by him of his interest in the trust fund conveyed nothing to the assignee until full satisfaction had been made for subsequent as well as prior breaches of trust by the assignor. One statement of the court is pertinent: " If there were no assignment, equity would obviously require the trustee to pay everything due to others beneficially interested in the fund, if the fund were diminished by his dishonesty, before applying any further part of it to his own use."

I specifically hold that section 15 of the Personal Property Law (as amd. by Laws of 1911, chap. 327), which prohibits the assignment of trust income by the life tenant, has no application to the

present situation. It was not intended to protect a dishonest fiduciary in the retention of income otherwise payable to him from the trust.

The objections of Van Rensselaer Burr and Elsie Hobart Burr are overruled. Mrs. Burr, as the former wife of the life tenant, has no present rights in the estate and will not be entitled to participation in her husband's income until the loss is satisfied.

Tax costs and submit decree on notice accordingly.