In the Matter of the Estate of MAX S. GRIFENHAGEN, Deceased.

Surrogate's Court, New York County, June 23, 1938.

*Gilbert & Gilbert* [*Godfrey Cohen* of counsel], for the executors and trustees.

*Peter J. McCoy* [*John E. Donnelly* of counsel], for Carrie B. Grifenhagen, respondent.

*George J. Malinsky*, for Ida M. Garfinkel, assignee of Benjamin W. Grifenhagen, a beneficiary.

*Henry A. Thellusson*, special guardian.

FOLEY, S. The questions raised in this accounting proceeding are disposed of as follows:

(1) The claim of the executors and trustees that they are entitled to retain all present and future income, as well as installments of principal, which may be due or become due to Benjamin W. Grifenhagen under the terms of the will to the extent necessary to reimburse the estate for the amount of the indebtedness owing by him, is sustained. Benjamin W. Grifenhagen does not oppose the retention of such income and principal. It is opposed, however, by Ida M. Garfinkel, who claims as an assignee of his interest in the estate to the extent of $3,150.

The facts out of which the indebtedness of Benjamin W. Grifenhagen to the estate arose are conceded. The testator during his lifetime was the owner of all the stock of Grifenhagen Bros. & Co., Inc. That corporation was in the business of buying and selling second-hand bottles. At the time of the death of the testator the business was being managed by Benjamin W. Grifenhagen. The corporation was dissolved shortly after the testator's death, and immediate steps were taken to liquidate its assets. Some time after the dissolution of the company, Benjamin W. Grifenhagen, for the purpose of engaging in a similar business, organized a corporation under the name of Grifenhagen, Son & Co., Inc. After the formation of the latter company, and without authority from the executors, he turned over certain assets of Grifenhagen Bros. & Co., Inc., consisting of the remaining second-hand bottles on hand, to the newly-formed corporation. By reason of such transfer he became liable to the estate for these assets in an amount which was subsequently determined between the executors and himself to be $3,720.25. He thereupon executed a note in that amount payable to the estate. Certain adjustments made after the execution of the note reduced the amount due to $2,787.33. At the date of its delivery Benjamin W. Grifenhagen addressed a communication to the executors authorizing them " to deduct the amount thereof from any sum which shall become payable to me under the last

will and testament of Max S. Grifenhagen, deceased. The intent and purpose of this communication is to assure to you the payment of the said demand note with interest as therein stated." The note was indorsed by three other individuals. No part of the reduced amount of the note has been paid by him.

Upon the foregoing state of facts, Benjamin W. Grifenhagen, in his capacity as liquidating manager of Grifenhagen Bros. & Co., Inc., was the agent of the corporation and of the representatives of the estate, and was in effect a trustee of assets belonging to the estate, with the fiduciary duty to account to the executors for the proceeds of the liquidation. The appropriation by him of certain assets owned by the corporation and their transfer to the new corporation constituted a diversion of assets of the estate. By reason of such diversion he became liable to the estate for the breach of trust.

The situation here is similar to that in *Matter of Burr* (143 Misc. 877; affd., 239 App. Div. 774). In that case the individual trustee, who was also a life beneficiary of a trust under the will, collected and misappropriated the rents of certain real property within the trust. He was removed and thereafter surcharged with the amounts unlawfully diverted by him. The corporate trustee of the estate claimed the right to withhold all income accrued, as well as future income which would be otherwise payable to him as life tenant, until sufficient was received to make up the sum misappropriated by him as trustee. The defaulting trustee did not oppose the withholding of income due him. His divorced wife, however, contended that his income should be continued and that she should be paid out of it the amount of alimony awarded to her by the decree of divorce. The claim of the corporate trustee was sustained upon the established rule of equity " that the rights of a beneficiary of an estate to restitution as against a defaulting trustee are superior to those of the trustee in his capacity as life tenant or as the owner of an outright share of the estate or as against his assignees or creditors." In the present proceeding Benjamin W. Grifenhagen is entitled to receive no income or principal of the estate until the deficiency which resulted from his conduct has been made good. The subsequent assignments made by him convey nothing to his assignees until full satisfaction has been made for his breach. (*Matter of Burr, supra; Earle* v. *Earle,* 93 N. Y. 104; *Matter of Ungrich,* 201 id. 415; *Emmet* v. *Runyon,* 139 App. Div. 310, 316; *Belknap* v. *Belknap,* 87 Mass. 468.)

I hold further that the doctrine, discussed in the briefs, as to the right of an executor to retain a legacy or distributive share in satisfaction of a debt due from a legatee or distributee has no appli-

cation in this proceeding, since the liability of Benjamin W. Grifenhagen arose after the death of the testator. My determination here is based upon the principles of equity heretofore stated.

Nor is there any merit to the contention of the assignee that by accepting the note with the indorsements on it the executors waived their right of recourse to the income or principal of the trusts payable to Benjamin W. Grifenhagen. The effect of the note, in the present instance, may be regarded merely as an acknowledgment of the indebtedness and as additional security by the beneficiary and his indorsers for the payment of the amount due.

It further appears that there were two other assignments made by Benjamin W. Grifenhagen against his interests in the estate, one prior to the assignment to the claimant, Ida W. Garfinkel, and the other subsequent thereto. The first and second assignments have been duly recorded. The respective interests of the assignees will be determined, however, if necessary, upon a subsequent accounting and after full reimbursement to the estate has been made by Benjamin W. Grifenhagen of the amount due from him.

(2) The personal claim of the coexecutor, Abraham S. Gilbert, is allowed in the sum of $821.20. The payment of that amount to him is ratified and confirmed.

(3) The application of Abraham S. Gilbert for leave to resign as coexecutor and cotrustee is granted.

Submit decree on notice settling the account and permitting the resignation of the coexecutor and cotrustee accordingly.