In the Matter of the Estate of MAX S. GRIFENHAGEN, Deceased.

Surrogate's Court, New York County, July 8, 1940.

*Gilbert & Gilbert,* for the executors and trustees, petitioners.

*George J. Malinsky,* for Ida M. Garfinkel, assignee of Benjamin W. Grifenhagen, as beneficiary, objectant.

*Ronald K. Brown,* for Carrie B. Grifenhagen and others, respondents.

*Isidor Enselman,* special guardian.

FOLEY, S. Various issues are presented for determination in this contested accounting proceeding.

(1.) The principal question involves the right of the executors and trustees to set off a liability due the estate from certain beneficiaries, against the legacies given them under the exercise of a power of appointment. In the prior accounting of the fiduciaries, determination was made by me that Benjamin W. Grifenhagen, a life tenant of one of the trusts, had diverted to himself certain moneys of the estate. (*Matter of Grifenhagen,* 168 Misc. 568.) He had executed a demand note for the total amount of his original diversion in the

sum of $3,720.25, but certain adjustments thereafter made reduced the amount to $2,787.33. Under the decree in that proceeding, any money to which he was or might become entitled to receive out of the estate was directed to be retained and applied by the executors to the extent necessary to reimburse the estate for the amount of his indebtedness, with interest. The debtor died shortly after the making of the last decree. The present account sets forth the application of moneys payable to him in partial satisfaction of principal and interest due the estate on account of such note, and the executors and trustees seek approval of such action. The moneys so credited to him consisted of income retained during the prior accounting period and applied as directed in the decree in that accounting proceeding, as well as income accruing thereafter up to the time of his death.

The demand note originally made by the debtor was indorsed by his children, who were the potential beneficiaries of the estate by reason of the special and limited power granted to their father to appoint a part of the fund to them in varying shares. His will actually appointed the fund to them in equal shares. Under such exercise of the power the children thereby became the designated objects of the bounty of the testator here, who was the donor of the power. By reason of their indorsement of the note of the debtor, the children, in effect, became guarantors for the payment of the indebtedness of their father to the estate for the amount of his diversion, with interest. In the account the executors seek to have applied, under the authority of the decree to be entered herein, the amounts due them as the designated legatees of the appointive property as against their indebtedness due the estate by their indorsement of the note. One of the assignees of certain of these children challenges the right of the executors to enforce the setoff. The executors contend that the assignment was subordinate to their right to secure restitution of the entire amount of the diversion under the obligation assumed by the appointed legatees. The assignee, on the other hand, contends that her assignment is superior to the rights of the estate.

The surrogate holds that the contention of the executors must be sustained and that any amounts due by way of bounty to the appointed legatees are subject to the setoff of their obligation to the estate as indorsers of the note. In other words, the amount of their appointed legacies must be applied to the satisfaction of their indebtedness to the estate. (*Matter of Grifenhagen, supra; Matter of Burr*, 143 Misc. 877; affd., 239 App. Div. 774.) In both of the latter cases I cited the authorities in this State and one authority in Massachusetts which dealt with such a situation. (*Earle* v. *Earle*,

93 N. Y. 104; *Matter of Ungrich,* 201 id. 415; *Emmet* v. *Runyon,* 139 App. Div. 310, 316; *Belknap* v. *Belknap,* 87 Mass. 468.) To them the surrogate adds the further authority of *Crocker* v. *Dillon* (133 Mass. 91), which followed and applied the same rule laid down in *Belknap* v. *Belknap* (*supra*); my own decision in *Matter of Wechsler* (171 Misc. 738, 749); *Matter of Flint* (120 id. 230, 231; affd., 206 App. Div. 778); 2 Scott on Trusts (§§ 252, 253) and the Restatement of the Law of Trusts (§§ 252, 253).

In section 253 of his recent work on Trusts, Professor Scott states the rule applied by me in *Matter of Burr* (*supra*). I now hold that this rule extends not only to the person originally diverting the funds of the estate, but also to those beneficiaries who obligated themselves to make restitution for his diversion. There is an excellent statement of the principle in Scott on Trusts (*supra*), where it is said: " Where one of the beneficiaries of a trust has contracted to pay money into the trust and fails to perform his contract, his interest under the trust is subject to a charge for the amount in which he is indebted to the trust estate." (§ 252, p. 1437.) The Restatement of the Law of Trusts, section 252, is substantially to the same effect.

There is, moreover, further authority for offsetting the debt against the remainder interests. The principle is well established that one who is entitled to participate in an estate and who is also bound to contribute to that same fund cannot receive the bounty without discharging his obligation. In *Matter of Flint* (*supra*) Surrogate SLATER stated the rule: " That the legatee or heir should fulfill his obligations to the estate before receiving the bounty is clear, just and equitable, and the court should enforce it." This rule applies not only to debts due to the testator by the legatee (*Close* v. *Van Husen,* 19 Barb. 505, 509; *Wright* v. *Austin,* 56 id. 13; *Ferris* v. *Burrows,* 34 Hun, 104; affd., 99 N. Y. 616), but also debts due to the estate arising after his death. (Woerner, American Law of Administration [2d ed.], § 564; *Gosnell* v. *Flack,* 76 Md. 423; 25 A. 411; *Matter of Stacey,* 89 Misc. 88.) The remaindermen of the trust, who took under the executed power of appointment, are obligated to the estate upon the promissory note. In view of the default of the maker and the express waiver by the indorsers of the usual conditions necessary to charge an indorser, their obligation is presently due and payable. The right of the executors under such circumstances to offset the debt against the legacy is well established.

It is, moreover, a principle of equity that an assignee of a beneficiary who is obligated to an estate stands in no better position than the beneficiary. The assignee takes the interest subject to the charge. No assignee or creditor of these appointees

could acquire any rights superior to the right of the estate to secure restitution of the moneys diverted by their father and for payment of which they became liable by their express promise. The executors properly applied the income and portions of the principal payable to them in satisfaction of their indebtedness to the estate.

The setoff of the indebtedness recommended by the executors and trustees against the appointed shares set forth in Schedules F and F-1 of the account is approved. The application of the income due Benjamin W. Grifenhagen to his indebtedness, in accordance with the directions in the former decree, is likewise approved.

(2) After the set off of the indebtedness of the indorsers of the note, there will remain a surplus available for further disposition. The surrogate holds that this surplus becomes payable to Carrie B. Grifenhagen as the assignee of the appointed legatees. The assignment of the appointed legatees — Joseph L. Grifenhagen, Ethel R. Grifenhagen and Jean A. Grifenhagen — to Carrie B. Grifenhagen, dated November 15, 1934, and recorded in this court on December 18, 1934 (together with the subsequent confirmatory assignment by Jean A. Grifenhagen), is valid and enforcible and superior to the subsequent assignment made by certain of them to Ida M. Garfinkel. The assignment, while collateral in form and intended by its terms to secure the payment of the principal debt upon the fifty-six notes, became absolute by reason of the non-payment of any of the notes. The assignee, Carrie B. Grifenhagen, is, therefore, entitled to priority of payment of the balance due the assignors. This balance appears to be set forth in Schedule H of the account.

(3) The assignment by certain of the beneficiaries to Ida M. Garfinkel is valid, but only as to outright amounts which may be due the assignors after the payment of their indebtedness to the estate and after the discharge of their liability under the assignment to Carrie B. Grifenhagen. The assignment is not, however, valid as to any income to which they may be entitled as life tenants of the estate. (Pers. Prop. Law, § 15; *Matter of Grifenhagen, supra.*)

(4) All of the objections of Ida M. Garfinkel are overruled. In addition to the above grounds, it should be specifically noted that her fourth and seventh objections are overruled because Jean A. Grifenhagen made no assignment of any part of her share to Ida M. Garfinkel, the objectant.

(5) The application to sell the two parcels of real estate is granted. An intermediate decree, pursuant to article 13 of the Surrogate's Court Act, may be submitted on notice.

(6) The secondary trusts under paragraph thirteen, subdivision (b) of the will were properly set up as of the deaths of the primary

life tenants. From those dates income began to accrue and become payable to the secondary life tenants. Similarly the periods of years for the payment of certain fractional interests of the remainder as directed by paragraph thirteen, subdivision (b) ran from the time of the death of the respective primary life tenants.

Submit decree on notice settling the account accordingly.