## In the Matter of the Estate of Vincent C. King, Deceased.

Surrogate's Court, New York County, August 15, 1940.

*William C. Mayer,* for the petitioner.

*Laughlin, Gerard, Halpin & Graham,* for the Corn Exchange Bank Trust Company, respondent.

*McIntyre & Van Steenbergh,* for Beatrice H. Godsol, respondent.

*Mitchell L. Erlanger,* special guardian.

Foley, S. The questions raised in this accounting proceeding are disposed of as follows:

(1) Under the trust created by paragraph fifth of the will, the deceased life beneficiary was entitled to receive income accrued up to the date of her death. Under the trust created by paragraph sixth, she was entitled to receive the monthly income apportioned to the date of her death, which was correctly computed by counsel for the trustee at the sum of $90.27. Her ownership of a part of the principal assets set forth in the account is not disputed and she

was, therefore, entitled to receive her proportionate share of the proceeds of the sale of that asset.

(2) The substituted trustee has the right to set off against the share of Vincent C. King, Jr., any sums due the trust estate under its judgment against Vincent C. King, Jr. (*Matter of Grifenhagen*, 168 Misc. 568; 174 id. 559; Restatement, Trusts, §§ 251, 257; Scott on Trusts, §§ 251, 257.) Its right of setoff is paramount to the rights of the Corn Exchange Bank Trust Company, which asserts a claim to the remainder interest of Vincent C. King, Jr., based upon a foreclosure of a mortgage, a referee's deed on the foreclosure sale and a deficiency judgment. A further reason for the setoff exists. The acts which resulted in the judgment in favor of the substituted trustee against him were committed while he was functioning as a trustee and caused the estate to be put to the expense of litigation. The judgment of costs will reimburse the estate for the expenses rendered necessary by his unwarranted conduct and is properly charged against any moneys due him. This charge is not affected by a transfer or mortgage of his interest. (Restatement, Trusts, *supra; Matter of Hidden*, 243 N. Y. 499; *Matter of Eisner*, 129 Misc. 106; affd., 222 App. Div. 727; *Matter of Burr*, 143 Misc. 877; affd., 239 App. Div. 774; *Matter of Grifenhagen*, 168 Misc. 568; 174 id. 559.)

(3) The claim of the Corn Exchange Bank Trust Company against the remainder interest of Vincent C. King, Jr., arises out of a mortgage executed by him of all his right, title and interest under the terms of the will of his father (the testator here) in and to two certain parcels of realty which were embraced within the trust created by paragraph sixth of the will. The mortgage was foreclosed and the bank purchased all of his right, title and interest in said premises at the foreclosure sale, receiving a referee's deed covering such interest. It also obtained a large deficiency judgment against him. Both of the parcels of real estate covered by the mortgage were subsequently sold by the substituted trustee pursuant to a power of sale contained in the will and pursuant to a judgment of the Supreme Court.

The Corn Exchange Bank, as mortgagee and as purchaser of the interest of Vincent C. King, Jr., at the foreclosure sale, is entitled to a lien upon the proceeds of sale of the two parcels of realty described in its mortgage. The mortgage attached to and bound his interest in the remainder. (*Rathbone* v. *Hooney*, 58 N. Y. 463, 466.) " If the heir encumbers his estate in the land by mortgage, the conversion of the pledge into money, which still belongs to him, ought not to be permitted to involve the destruction of the security." (*Sayles* v. *Best*, 140 N. Y. 368, 376; *Archer* v. *Archer*,

147 App. Div. 44, 47, and 149 id. 918.) The lien extends to his share of the proceeds of sale after the deduction of a proportionate part of all necessary expenses of the sale and after the deduction of all administration expenses properly payable out of such fund.

The setoff of the costs due the estate is directed to be made primarily against the share of Vincent C. King, Jr., in the trust under the fifth paragraph of the will. If there remains any balance due it, it must be charged out of any moneys due him under the sixth paragraph of the will.

Any part of the share of Vincent C. King, Jr., under the sixth paragraph of the will remaining after the setoff above directed must, therefore, be paid to the Corn Exchange Bank Trust Company in partial satisfaction of its equitable lien.

(4) The compensation of the special guardian has been fixed and in the exercise of the discretion of the surrogate will be charged proportionately against the share of Vincent C. King, Jr., in the two trusts in which he was interested.

(5) The small sum held for the benefit of the deceased granddaughter of the testator may be paid to those entitled to share in her estate.

Complete proceedings for the fixation of the estate tax and file final receipt showing the payment of the tax.

Thereafter, a decree may be submitted on notice settling the account accordingly.