John D. Bennett, S.
Objections which have been filed to the intermediate account are disposed of as follows:
Objection 1 alleges that Schedule “ A ” fails to charge the executors with additional assets of $1,000. The evidence establishes that the executrix, Selma Eger, resided with her parents, one of them being the testatrix, during her married life, and continued to live with the testatrix after the executrix’ father died. Apparently the objectants seek to charge Selma Eger for sums which they claim she failed to pay as rent and board. The executrix testified that she paid certain sums of money to her parents at irregular intervals but that there was never any agreement for payment of rent or board. There is testimony from one of the objectants that the executrix refused to pay more than $50 per month even though this was apparently *966 considered far too little by her father. There being no proof of any specific agreement or any amount due and owing the estate, objection 1 is accordingly dismissed.
Objection 2 is dismissed for failure of proof.
Objection 3 alleges that the attorney’s fees are excessive. At the hearing the objectants waived the submission of oral testimony on this point. On the papers submitted, the attorney’s fee and disbursements are fixed in the amount requested. Objection 3 is therefore dismissed.
Objections 4 and 5 apparently concern the same contentions. There is no evidence which would indicate that the debt of Benjamin Leibowitz to the Home Service Dairies, Inc., in the sum of $4,561.56 should be a specific lien on the shares he owned in said corporation. The payments of the obligations of Benjamin Leibowitz by this estate are proper. The remaining allegations of objections 4 and 5 concern the failure on the part of the executors to apportion items set forth in Schedules “D” and “ E ”. Items 4, 7 and 8 of Schedule “ D ” are directed to be apportioned, the estate to be charged with the sums incurred to the date of death of the deceased, and the executors surcharged the remaining sums. Item 13 of Schedule “D” represents real estate taxes on real property specifically devised to the trustees for the benefit of the incompetent as income beneficiary. These taxes amounting to $483.88 became a lien after the deceased’s death. Under such circumstances they are not an estate obligation and should not have been paid by the executors but by the devisees (Matter of Pinkney, 170 Misc. 645, affd. 257 App. Div. 862, decision amended 257 App. Div. 985). The executors are therefore surcharged in the amount of $483.88 for improper payment of this item. The executors should submit a claim for reimbursement of this sum to the trustees. Except as to the apportionment of items 4, 7 and 8 of Schedule “ D ” and the surcharge in the amount of item 13 of Schedule “ D ”, objections 4 and 5 are dismissed.
Objection 6 was withdrawn at the hearing.
Objection 7, being the same as objection 2, is dismissed.
Objection 8 being excessively broad was confined at the hearing by the objectant to the sole contention that certain property had been overvalued for tax purposes by the executors. This objection will be dismissed without prejudice and, can be asserted in the tax proceeding or by a review of or appeal from an order fixing the tax (Matter of Silliman, 79 App. Div. 98, affd. 175 N. Y. 513; see Tax Law, § 249-x) or in a subsequent accounting proceeding.
*967 Objection 9 is dismissed. The objection is far too broad and general and no specific acts for which the executors might be surcharged are set forth or proved. The final objection is therefore denied.
Settle decree on five days’ notice.