In the Matter of the Estate of MARGARET D. MOORE, Deceased. ROSE McCANN et al., Appellants; CHEMICAL BANK NEW YORK TRUST COMPANY et al., as Executors of MARGARET D. MOORE, et al., Respondents.— In a proceeding to settle the final account of the executors of the testatrix, two beneficiaries, Rose McCann and Roseva McCann Nuttall who are tenants in common of certain real property under a testamentary devise thereof by the testatrix, appeal from so much of a decree of the Surrogate's Court, Westchester County, entered May 12, 1961 upon the decision of the Surrogate, as, inter alia: (1) surcharged the executors $1,576.83, which they paid on account of taxes and incidental expenses in connection with the devised real property; (2) directed the executors to set off the full amount of such surcharge against the share distributable on the accounting to appellant Roseva McCann Nuttall; and (3) granted the latter a right of contribution against her cotenant, appellant Rose McCann, to the extent of half the amount of the surcharge. Decree modified on the law as follows: (1) by striking from the second decretal paragraph the provision directing the executors to set off the full amount of the surcharge, namely, $1,576.83, against appellant Nuttall's distributable share under testatrix' will; (2) by substituting therefor a provision directing the executors to set off one half the amount of the surcharge against the appellant Nuttall's said share; (3) by striking from the second decretal paragraph the words " joint and several " and the words " jointly and severally " which were used to define appellants' common obligation to pay the carrying charges on the said real property; and (4) by striking from said decretal paragraph the provision " that said Roseva McCann Nuttall has a right of contribution against her cotenant Rose B. McCann for one-half of said sum of $1,576.83 ". As so modified, decree, insofar as appealed from, affirmed, with costs to all parties filing briefs, payable out of the estate. No questions of fact were considered. Appellants became tenants in common by devise of

the testatrix, whose will also included precatory language expressing a wish that her servants (respondents Peter Chila and Josephine Chila) should be permitted to occupy the devised premises for five years, and that during such period her estate should bear all the expenses of the property. In a prior proceeding to construe the will the Surrogate held that this testamentary devise gave the Chilas no interest or estate in the real property and imposed no obligation upon the executors to pay the expenses thereon; but the Surrogate reserved for future determination the question as to who should bear the expenses nevertheless paid by the executors during the period that they permitted the Chilas to remain in occupancy (*Matter of Moore*, 13 Misc 2d 640). The decree in that proceeding, entered October 14, 1958, from which no appeal was taken, must now be deemed to be *res judicata*. In the present accounting proceeding the Surrogate held that the executors are not liable for any of the expenses of the real property during the period of the Chilas' occupancy from March 10, 1957 to October 14, 1958, and, accordingly, surcharged them for such expenses as they had paid for this period. The Surrogate, however, directed the executors to recover the full amount of the surcharge by setting it off against a legacy which they had not yet paid over to appellant Nuttall, one of the tenants in common. In our opinion this latter direction was erroneous. Appellants became the owners of the devised real property on the date of the testatrix' death and took it subject to all attendant burdens and expenses (Real Property Law, § 250; *Matter of Pinkney*, 257 App. Div. 985). The precatory language, which was insufficient to diminish appellants' estate in the real property, was also insufficient to burden the testatrix' residuary legatees with the expense of maintaining it. The executors were, accordingly, properly surcharged for the expenses which they paid on account of the real property. Since the payments were made in good faith and not officiously, and since they accrued to the benefit of appellants, the executors have a right of recoupment against them (*Matter of Leibowitz*, 10 Misc 2d 965). One half of the surcharge may be set off against the portion of the estate due and payable to appellant Nuttall (*Matter of Fewer*, 177 Misc. 788; *Matter of Grifenhagen*, 174 Misc. 559; *Matter of Ledyard*, 21 N. Y. S. 2d 860, affd. 259 App. Div. 892). Since appellants are tenants in common, neither is responsible for more than one half of the expenses arising out of the maintenance of the real property (Civ. Prac. Act, § 737). As between tenants in common who are united only in their right to possess the real property, there is neither privity of title nor union and entirety of interest (*Stevens* v. *Young*, 272 App. Div. 784; *Kristel* v. *Steinberg*, 188 Misc. 500). While it might be equitable under some circumstances to set off the entire surcharge against one of two tenants in common and to relegate that tenant to the enforcement of his right of contribution, it would not be equitable here because the property was sold in 1958. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.