■ In the Matter of the Estate of JACOB TIMOSCHUK, Deceased. CHARLES D. COOK, Individually and as Administrator D. B. N. of the Estate of JACOB TIMOSCHUK, Deceased et al., Respondents; ULIANA J. SVITYK by Wolf Popper Ross Wolf & Jones, Appellant.—Appeals (1) from so much of a decree of the Surrogate's Court, Delaware County, entered October 22, 1973, which settled the account of the administrator de bonis non without surcharging him, and (2) from an order of said court, entered September 5, 1974, which denied objectant's application for an order vacating and modifying the order of the court entered September 12, 1973. The decedent died intestate on September 21, 1959. One Katherine Timoschuk, falsely alleging to be his widow, applied for and received letters of administration upon her filing a bond on October 19, 1959 in the amount of $6,000. The petition stated that the only other heir of decedent was believed to be a daughter then residing in Russia. The daughter is the objectant herein and on December 18, 1961 a power of attorney executed by her, appointing Wolf Popper Ross Wolf & Jones her attorneys in fact, was filed with the Surrogate's Court. It appears that the administratrix exercised control over the real and personal property of decedent and collected the rents, if any, from four separate parcels of real property until her death on July 26, 1968, and that no letters testamentary or letters of administration have ever been granted to any party upon her estate. The administratrix failed to pay the real property taxes on four parcels of real property and all were sold to the County of Delaware on November 10, 1966. In December, 1968, upon the petition of the daughter, letters of administration were issued to Charles D. Cook, the county treasurer and public administrator. He has since left that office and filed an accounting showing as the only asset of the estate a bank account. Decedent's daughter filed objections to the accounting. The only objection we are concerned with on this appeal is that the court surcharge the administrator de bonis non for his failure to take action to have an administrator appointed for the estate of Katherine Timoschuk in order to surcharge such administrator and proceed against the surety. The decree of October 20, 1973, insofar as appealed from, must be affirmed. The Surrogate correctly decided there was no proof of any loss or mishandling of the estate by the administratrix. The real property of the intestate devolved at the moment of death directly to the daughter without the necessity of any act by the administratrix. The latter had no authority to pay taxes which were not a lien on the real property of deceased at the time of his death (Matter of

*Selleck,* 111 NY 284; *Matter of Leibowitz,* 10 Misc 2d 965). It is noted that the daughter was advised of the existence of the real property long before it was sold to the county and she could have acted to protect her interests. In any event, an administrator *de bonis non* is responsible only for those assets which come into his hands at the time of his appointment. When Mr. Cook was appointed, the deceased's real estate was no longer an asset, having been sold more than 25 months before. Objectant also appeals from an order of September 5, 1974 which denied an application to resettle an order of the Surrogate's Court dated September 12, 1973. The latter order had dismissed a proceeding which objectant had sought to institute against the surety on the bond of the former administratrix. Since we have affirmed the order of October 20, 1973 which was premised upon a lack of proof of any loss or mishandling of the estate by the administratrix, the appeal from the order of September 5, 1974 is academic. Decree affirmed, with costs to respondents filing briefs payable out of the estate. Appeal from the order entered September 5, 1974 dismissed, as academic, without costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.