LENA J. REICHLE, as Administratrix, etc., of LOUIS REICHLE, Deceased, Respondent, *v.* G. W. PERKINS, as President of the CIGARMAKERS' INTERNATIONAL UNION OF AMERICA, Appellant.

Fourth Department, December 1, 1920.

Insurance — life insurance — action to recover death benefit arising from membership in unincorporated voluntary association — dependency of plaintiff as question of fact for jury — right of plaintiff as administratrix to recover death benefits under constitution of defendant.

In an action by an administratrix to recover a death benefit arising from the decedent's membership in the defendant, an unincorporated voluntary association, *held*, on all the evidence, that if the recovery rested upon the proposition that the plaintiff was " dependent " upon the decedent, the question whether or not she was dependent should have been submitted to the jury.

The constitution of the defendant provided, among other things: " Including the fifty dollars funeral or cremation expenses, there shall be paid upon the death of any member the following sums," and, therefore, since the constitution required absolutely that the death benefit should be paid,

and no beneficiary was named by the decedent and he had no widow or child or dependent relative, the law implies that the death benefit shall be paid to the representative of the estate of the member, which is the plaintiff in this case.

APPEAL by the defendant, G. W. Perkins, as president, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 12th day of January, 1920, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*W. J. Evans* [*Leary & Evans*, attorneys], for the appellant.

*Merritt N. Baker*, for the respondent.

DE ANGELIS, J.:

The action was for a death benefit arising from the membership of one Louis Reichle in the Cigarmakers' International Union of America and a local union thereof known as Local Union No. 2 at Buffalo. The defense was that since the plaintiff sued as administratrix of the estate of Louis Reichle, although she and Mrs. Eagan were his sisters and his only heirs and next of kin, she could not maintain the action even though the plaintiff, if she had been dependent upon the decedent, might have maintained an action individually for the death benefit, and that the plaintiff, individually, could not maintain the action because she was not dependent upon the decedent.

The Cigarmakers' International Union of America is an organized unincorporated and voluntary association consisting of more than seven persons; said persons have their respective residences in various States of the United States of America and in the Dominion of Canada; the membership of said association is divided into " local unions," so called, acknowledging the jurisdiction of the said International Union; one of such component " local unions " is, and, during all the times mentioned herein, was that known and referred to herein as " Local Union No. 2," having its location in the city of Buffalo, in the State of New York; the principal office

of said International Union is, and is regularly maintained in the city of Chicago, in the county of Cook and State of Illinois; and one G. W. Perkins is the duly qualified president of said International Union and resides in said city of Chicago.

It is undisputed that the plaintiff's decedent was continuously a member in good standing of said local union and of said International Union from the 23d day of February, 1889, to the time of his death, to wit, October 23, 1918, a period of over twenty-nine years, and that at the time of his death said decedent was entitled to all the benefits and privileges arising from such membership; that the decedent was unmarried, died intestate and never designated any person or persons to whom his death benefit should be paid; that the decedent's only heirs at law and next of kin are his sisters Lena J. Reichle and Mrs. Eagan; that his sister Lena was duly appointed administratrix of his goods, chattels and credits on the 14th day of November, 1918, by the Surrogate's Court of the county of Erie; that on the 27th day of January, 1919, Lena J. Reichle, as said administratrix, made a written application to said International Union for the payment of the death benefit, amounting to $550, arising from the membership therein of her said decedent; that said benefit has not been paid to her; that about the year 1904 the decedent's sister Lena came from Massachusetts to Buffalo to keep house for him; that she had then about $1,000; that prior to that time the decedent had been boarding; that upon her arrival in Buffalo he rented a furnished house where he and she lived for four months, she keeping the house and he paying the rent; that at the end of that time he rented another house which was not furnished and which he and she furnished, both contributing to the expense of the furniture; that he and she lived in that house four or five years; that during that time she did nothing but take care of the house for him; that he paid the rent and maintained the house; that she had no income; that at the end of that time he and she together bought a house where she has lived ever since; that they bought the house for the sum of $2,650; that she paid about $1,000 and the decedent about $650 of that amount, and there was a mortgage on the house of $1,000; that the deed conveying the house was taken in the names of both of them; that the decedent subsequently paid the mort-

gage; that during all this time the decedent was engaged in the business of manufacturing cigars on his own account and maintained the house; that on or about the 23d day of November, 1915, the decedent was adjudged to be insane and committed to the Buffalo State Hospital; that for about nine months before his commitment he was ill at his house and unable to work; that the decedent remained in the hospital until about eleven months before his death, when, being very low and expected to die, he was taken home by his sister Lena where he was cared for by her for about nine months and then returned to the hospital where he remained until his death; that about a year before his commitment to the hospital, he conveyed his interest in the house to his sister Lena and turned over to her about $400 in money which he had in the bank; that at that time she had in the bank in her own name about $400 which she had saved from moneys given by him to her for the maintenance of the house; that only a little of this $800 was left at the time of his death; that for eleven years prior to November 23, 1915, Lena had worked out one day a week and had received $1.75 a day for that work; that after November 23, 1915, she worked out three or four days a week; that at the time of his death her brother's life was insured in the Equitable Life Insurance Company for $2,000 payable to his estate and that the plaintiff, as said administratrix, received the $2,000 insurance money.

A careful consideration of the evidence leads me to the conclusion that if the recovery herein rests upon the proposition that decedent's sister Lena was " dependent " upon him, there must be a new trial, not because she made no application under section 144c of the constitution of the International Union upon that ground, but because the question whether or not she was dependent should have been submitted to the jury.

This brings us to a consideration of her claim as representing the estate of the decedent. It must be remembered that the defendant only defends upon the ground that the constitution of the International Union prohibits a recovery.

The pertinent language of section 144 of the constitution of the International Union is as follows: " Including the fifty dollars funeral or cremation expenses, there *shall be paid*

upon the death of a member the following sums, viz: * * * If the decedent shall have been such member continuously for fifteen years or longer period next preceding his death, the sum of five hundred and fifty dollars." (The italics are ours.)

Here is a provision that such sum *shall be paid,* and no person is named to whom the same shall be paid. I do not overlook the provision of section 143 of the constitution requiring that fifty dollars thereof shall be paid to such person or persons as shall have paid or become liable for the decedent's funeral or cremation expenses, but in that connection it is to be noted that the plaintiff paid the decedent's funeral expenses from the life insurance money which she received as administratrix of his estate. Section 144c of the constitution permits a member to designate the person or persons to whom his death benefit shall be paid. Sections 144b, 144c and 144g show clearly that the constitution contemplates that a beneficiary may be some one other than the member's widow, minor child or children, or his dependent relatives. The constitution requires absolutely that the death benefit shall be paid, and, it seems to me, that, when no beneficiary is named by the member and he has no widow or child or dependent relative, as might be the case here, the law implies that the death benefit shall be paid to the representative of the member's estate, in this case to the plaintiff.

It follows that the judgment and order should be affirmed, with costs.

All concur; KRUSE, P. J., in result only, who is of the opinion that the plaintiff was not a dependent within the meaning of the constitution of the defendant union.

Judgment and order affirmed, with costs.