WALTER A. WOODBURY, as Administrator of the Goods, Chattels and Credits of Asa J. Woodbury, Deceased, Plaintiff, v. WILLIAM T. SCHROEDER, as President of John Van Arsdale Council No. 90, Junior Order United American Mechanics, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Seventh District, October, 1921.)

Insurance — fraternal benefit societies — beneficiaries — Insurance Law, § 231.

Plaintiff's intestate at the time of his death was a member in good standing of defendant, an unincorporated society, which, though issuing no benefit certificates, is a fraternal benefit society as defined by chapter 198 of the Laws of 1911, which amended the Insurance Law of the state. The wife of decedent, who was the original designated beneficiary of a funeral benefit, predeceased him, and after her death a card was sent to defendant designating as beneficiary one who was not a " relative to the fourth degree of consanguinity " as required by section 231 of the statute. *Held*, that plaintiff, a son of the deceased member and the administrator of his estate, was entitled to recover of defendant the funeral benefit though it had been paid to the improperly designated beneficiary.

The by-laws of defendant providing that no change of beneficiary could properly be made except by the beneficial member designating the beneficiary, and having the name entered in the beneficiary book, the card purporting to designate the person named therein was not adequate, even if sufficiently identified, to make her a beneficiary of the deceased within the contemplation of the Insurance Law and the by-laws of the defendant.

ACTION to recover funeral benefit.

J. Ward Follette, for plaintiff.

August P. Wagener, for defendant.

GENUNG, J. The action is brought to recover the sum of $500 as a funeral benefit from the defendant. The plaintiff is a son and administrator of the goods, chattels and credits of the late Asa J. Woodbury, who died on April 7, 1920, a member in good standing of the defendant council. The original designated beneficiary of the deceased was his wife, Sarah Elizabeth Woodbury, who predeceased him. After her death, it is claimed, a card was sent to the defendant designating one Marion Savage as beneficiary, and to the said Marion Savage the sum of $500 has been paid. The question presented is whether the said Marion Savage was the properly designated beneficiary and entitled to receive this payment, or the said Walter A. Woodbury, as administrator of the deceased, is entitled to the said benefit.

The plaintiff claims that the defendant is a fraternal benefit society, as defined in the Insurance Law (Cons. Laws 1909, amd. by Laws 1911, chap. 198). In *Dusenbury* v. *General Grant Council No.* 128, *Junior Order United American Mechanics of the State of New York,* 96 Misc. Rep. 665, Benedict, J., said: " The defendant is a fraternal benefit society, as defined in chapter 198, Laws of 1911, which amended the Insurance Law of this state." In view of this holding it is difficult to accept the contention of the defendant that the defendant is not a fraternal benefit association within the meaning of the Insurance Law for the reasons that it is an unincorporated society, it is not carried on solely for the mutual benefit of its members, and that it issues no benefit certificates.

The plaintiff claims that as administrator of the goods, chattels and credits of the deceased he is the proper party plaintiff. Here again the plaintiff is supported by judicial authority. *Reichle* v. *Perkins,* 194

App. Div. 153. In that case the deceased died without designating a beneficiary of the death benefit, payable upon his death, although the bylaws of the organization permitted the designation of a person or persons to whom the death benefit was payable. The plaintiff was the administratrix of the estate of a deceased member of the Cigarmakers International Union of America, and in sustaining her right to recover, De Angelis, J., said: "The constitution requires absolutely that the death benefit shall be paid, and it seems to me, that, when no beneficiary is named by the member and he has no widow or child or dependent relative, as might be the case here, the law implies that the death benefit shall be paid to the representative of the member's estate, in this case to the plaintiff."

In the present case, the designated beneficiary of Asa J. Woodbury, namely, his wife, having predeceased him by several years and there having been no one designated or attempted to be designated as beneficiary, any attempt on the part of the deceased or any one else to designate a beneficiary must be governed by the laws of the state of New York. Any attempted designation of a beneficiary without the limitations fixed by the laws of the state of New York is claimed to be invalid, and, therefore, the deceased died intestate as to the death benefit.

The limitations upon the designation of a beneficiary are set forth in the Insurance Law (Consol. Laws 1909, § 231, subd. 2; amd. Laws 1911, chap. 198), including, in addition to those specified, " * * * relative to the fourth degree of consanguinity * * * or to a person or persons dependent upon the member; * * *." It appears from the evidence that the said Marion Savage, to whom the death benefit has been paid, was not a person dependent upon the

Municipal Court of New York, October, 1921. [Vol. 116.

deceased, Asa J. Woodbury. It also appears that Marion Savage's grandmother was a sister of the deceased Asa J. Woodbury's father. Was Marion Savage a "relative to the fourth degree of consanguinity" to the deceased?

The degree of consanguinity in the present case is to be determined by the civil law, for it has reference to the distribution of estates. *People* v. *Clark,* 62 Hun, 84. In that case a challenge was taken to one of the jurors because of his relationship within the ninth degree to the person alleged to be injured by the crime charged. The juror testified that he was a third or fourth cousin to the complainant and was allowed to sit on the jury. A verdict of guilty was returned, but the conviction was reversed on appeal. Learned, P. J., said: "The mode of computation of degrees used by the civilians, not by the canonists, is to count from one person up to the common ancestor and down to the other. Of course the person from whom the count begins is not counted, and he in whom it ends is. * * * For although, as to inheritance, the common law adopted the rule of the canon law (2 Black. Comm.), yet the rule of the civilians prevailed in ecclesiastical law and in the matter of distribution of estates." See also *Sweezey* v. *Willia,* 1 Bradf. 495, and *Hurtin* v. *Proal,* 3 id. 414.

Applying the foregoing rule, we begin with the deceased; then comes his father, who is No. 1; then his grandfather, who is the common ancestor, No. 2; next below the common ancestor is Marion Savage's grandmother, who is No. 3; then her parent, father or mother, who is No. 4, and then Marion Savage, who is No. 5. Hence we are forced to the conclusion that the said Marion Savage is not "relative to the fourth degree of consanguinity" as required by the Insurance Law.

The Insurance Law (*supra,* § 231) provides: " * * * that any society may, by its laws, limit the scope of beneficiaries within the above classes." In *Dusenbury* v. *General Grant Council, No.* 128, *Junior Order United American Mechanics of State of New York, supra,* Benedict, J., said: " In addition to the statute, moreover, the by-laws of the defendant define the term ' legal beneficiary,' as used, to be the widow, children, father, mother, sisters, brothers, grandparents or other *blood* relatives of the member." The defendant has made provisions in its by-laws relating to beneficiaries.

In section 1, article 12, it is provided: " This council is affiliated with and maintains membership in the Federal Benefit Association of the United States, and enrolls all its beneficial members therein. Upon the death of a beneficial member who is in good standing on the books of this council this council shall pay to the beneficiary designated by him such sum as shall be received from said benefit association according to the time of enrollment of said member on the books as follows:  *  *  *."

In section 3, article 12, it is provided: " Upon the death of a beneficiary member who is in good standing on the books of the council, the councillor (the president) shall immediately order the treasurer to pay the sum of twenty-five dollars to the designated beneficiary as named in the beneficiary book of this council." In section 3, article 12, it is further provided: " Said amount to be deducted from the amount this council may receive from the Funeral Benefit Association on account of the death. Should the member leave no dependent, beneficiary or relative, it shall  *  *  *."

It was certainly intended that a book should be kept by the council with designated beneficiaries therein, and that the beneficial member was to designate the

Municipal Court of New York, October, 1921. [Vol. 116.

beneficiary and have the beneficiary named in the beneficiary book of the council. The beneficiary book of the council was produced, and the name of Sarah Elizabeth Woodbury appeared as beneficiary of the deceased.

From the foregoing it is certainly evident that the council intended the funeral benefit to be applied toward the funeral expenses of a deceased beneficial member, and that such benefit should be paid to a " dependent beneficiary or relative," such relative to be within the limitations specified in the Insurance Law. Inasmuch as the bylaws provided for a beneficiary book and a designated beneficiary to be named in the beneficiary book, no change of beneficiary could be properly made except by the beneficial member designating the beneficiary and having the name entered in the beneficiary book. This was not done in this case, and the card purporting to designate the said Marion Savage was not sufficient, even if sufficiently identified, to make her a beneficiary of the deceased within the contemplation of the Insurance Law and the bylaws of the defendant.

Judgment is, therefore, granted to the plaintiff for the sum of $500, with interest and costs.

Judgment for plaintiff.