[Civ. No. 52408. Second Dist., Div. Four. Sept. 7, 1978.]

HARTFORD ACCIDENT AND INDEMNITY COMPANY,
Plaintiff and Respondent, v.
GLENN GOOSSEN, Defendant and Appellant.

## COUNSEL

Black & Caldwell and James E. Black for Defendant and Appellant.

Patterson, Ritner & Lockwood and William F. Ritner for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Defendant appeals from an adverse judgment in an action for declaratory relief. We affirm the judgment.

Defendant, while riding on a motorcycle, was injured by a collision with an uninsured motorist. He claims to be entitled to indemnity under a policy issued by plaintiff to a man named Tench. The trial court granted summary judgment in favor of the insurer. We affirm.

The case at bench turns on the interpretation and application of section 11580.2 of the Insurance Code and a provision in the Tench policy purporting to define language in the statute.

Section 11580.2 of the Insurance Code reads, in pertinent part, as follows: "As used in (a) above, 'bodily injury' includes sickness or disease, including death, resulting therefrom; the term 'named insured' means only the individual or organization named in the declarations of the policy of motor vehicle bodily injury liability insurance referred to in (a) above; as used in (a) above the term 'insured' means the named insured and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise, heirs and any other person while in or upon or entering into or alighting from an insured motor vehicle and any person with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which the policy provisions or endorsement apply; the term 'insured motor vehicle' means the motor vehicle described in the underlying insurance policy of which the uninsured motorist endorsement or coverage is a part, a temporary substitute. . . ." The statute does not define the word "relative" but the policy herein involved contains a definition of that word, as follows: "Relative means a person related to the named insured by blood, marriage or adoption who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile."

It is not contested that the accident involved an uninsured motorist within the meaning of section 11580.2; or that Tench was the only "named" insured under the policy involved. The contest is over whether defendant is within the group of persons to whom that section and the policy definition apply.

I

Plaintiff's motion for a summary judgment was submitted on the declarations of two persons: one merely presented the policy involved (a matter not contested); the other declaration was by counsel for plaintiff. Apart from the language purporting to interpret the facts and some hearsay, that declaration had no value except as it incorporated defendant's admissions contained in his answers to interrogatories submitted to him. Thus, the only facts before the trial court when it ruled on the motion, in addition to the policy provisions and the fact that an uninsured motorist was involved, were the following: (1) at the time of the accident,

defendant was riding on a motorcycle operated by one Todd; (2) defendant, at that time, had "possession" of another motor vehicle; and (3) defendant, at that time, was not a blood relative of Tench or his wife, was not married to any blood relative of the Tenches, but was living in the Tench home and was openly cohabiting with Tench's daughter and was regarded as a member of the Tench family.

■ Other facts were presented to the trial court on a motion to reconsider the order granting the motion and on a motion for a new trial, but are not here material because the additional facts did not support a motion for a new trial because they were not newly discovered, having been known to defendant from the time of the accident.

## II

We agree with defendant that the judgment cannot be supported on two of the grounds urged by plaintiff.

■ (1) Plaintiff contends that defendant was excluded from coverage under the uninsured motorist provision of its policy because he was the "owner" of another private passenger automobile. We need not, and do not, determine whether that limitation of the uninsured motorist clause in the policy was invalid because imposing a condition not included in the statutory provision, because the only evidence on that matter was defendant's admission that he had "possession of" another vehicle. Possession is not ownership.

■ (2) Since, admittedly, the motorcycle on which defendant was a passenger was not the vehicle named in the Tench policy, plaintiff contends that the uninsured motorist provision did not apply. As we have noted above, section 11580.2 defines an insured vehicle as including "a temporary substitute . . . if the motor vehicle is used by the named insured. . . ."

Plaintiff's declaration in no way rebutted the possibility that it was a "temporary substitute" for the named vehicle. Since a party moving for summary judgment must show facts sufficient to make recovery by the claimant impossible, the absence of any facts as to the "temporary

substitute" possibility renders that motion unsupportable on the ground that no insured vehicle was involved.

### III

It follows that the order and judgment can be supported, if at all, only on the theory that defendant was not a "relative" within the meaning of the statute and policy. We conclude that the trial court was correct in determining that he was not.

■ The briefs discuss whether the policy definition of that word was an impermissible attempt to limit the statutory provision. We do not agree that it was. In our opinion, the policy provision (except for the clause concerning ownership of another vehicle which we do not here consider for the reason above stated) does no more than to express a reasonable and proper definition of the statutory word. If anything, the policy *expands* the usual meaning of the word "relative" by including persons married to the named insured, his spouse and their blood relatives. Whatever the social status, under present morality, of a paramour, he is not a "relative" within any terminology of which we are aware.

The judgment is affirmed.

Jefferson (Bernard), J., and Jones, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.