**Maureen L. ANDERSON**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY and The Spaulding Youth Center.**

**Civ. A. No. 81–0787.**

United States District Court, D. Rhode Island.

Sept. 8, 1983.

Larry Dub, Providence, R.I., for plaintiff.

William Curran, Providence, R.I., for St. Paul Fire and Marine Ins. Co.

David L. Mayer, Providence, R.I., for Spaulding Youth Center.

### MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

This is an action to recover on an uninsured motorist policy issued by St. Paul Fire and Marine Insurance Company to the Spaulding Youth Center. The plaintiff, Maureen Anderson, is the Administratrix of the estate of Eric Anderson. She claims that the uninsured motorist policy provided coverage to Eric Anderson at the time of his death in an automobile accident on May 22, 1977.

 Currently before the Court are cross motions for summary judgment. These motions both address the issue of whether Eric Anderson, a resident of the Spaulding Youth Center at the time of his death, is covered under section S.A. (1) of the uninsured motorist policy issued to the Spaulding Youth Center. Section S.A. (1) provides:

S. Special Conditions

 A. Persons Insured.

 Each of the following is an Insured under the endorsement to the extent set forth below:

 (1) The Named Insured and any designated Insured and, while residents of the same household, the spouse and relatives of either.

It is undisputed that the Spaulding Youth Center is the "Named Insured" under the policy and that no "designated Insured" has been appointed. The parties disagree, however, as to whether Eric Anderson may fairly be considered to be a "resident" of the same household of the Spaulding Youth Center and, if so, whether he comes within the meaning of the term "relatives" as used in the policy.[1]

 Plaintiff's contention that Eric Anderson falls within the scope of section S.A. (1) is as follows. First, the plaintiff argues that at the time of the accident Eric Anderson was a resident of the household of the Spaulding Youth Center, a residential treatment center for emotionally dis-

---

1. Since suit in this diversity case was brought in Rhode Island, Rhode Island choice-of-law rules control. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1940); *Diamond International Corporation v. Allstate Insurance Co.*, 712 F.2d 1498 at 1501 (1983). In Rhode Island, the law of the place where the insurance contract was made governs its construction. *Bartholomew v. Ins. Co. of North America*, 502 F.Supp. 246, 250 (D.R.I.) (1980), *aff'd* 655 F.2d 27 (1st Cir.1981). Accordingly, New Hampshire law applies to the present case.

turbed children to which Eric had been referred by the Rhode Island Department of Social Welfare. The plaintiff has filed an affidavit attesting to the Center's complete control over and responsibility for Eric Anderson at the time of his death.

Second, the plaintiff argues that Eric Anderson may properly be considered a "relative" to the Spaulding Youth Center. She contends that: 1) In view of the fact that the Center is a residential living facility intended to serve as a substitute for the boy's natural family, Spaulding's residents are its "relatives"; 2) Any ambiguities in the policy should be interpreted in favor of coverage; 3) To interpret section S.A. (1) as not applying to the residents of the Center would render the clause meaningless.

Despite counsel's creative attempts to bring Eric Anderson within the scope of the Spaulding policy, the Court is convinced that it is not applicable. In this Court's view the disputed language is not ambiguous. In the Spaulding policy the term "relative" is used in conjunction with the term "spouse". Given this fact, the construction urged by the plaintiff—that relatives are those who maintain a "social status or union for the purposes of domestic life"—is far too broad. Rather, common sense dictates that a "relative" in the context of this policy refers to those who are related by blood.

*Hartman v. Insurance Company of North America,* 308 N.W.2d 625 (Mich.App.1981), does not, as the plaintiff contends, suggest a different result. In that case an insurance policy issued to a group home was construed as covering a resident of the group home injured in a car accident. The policy provided coverage to "the Named Insured (the group home) or any relative". Unlike the present case, however, the term relative was defined in the policy as meaning "a person related to the Named Insured by blood, marriage or adoption (including a ward or foster child) who is a resident of the same household as the Named Insured." *Id.* at 628. This broad definition of the term "relative" distinguishes *Hartman* from the present case where the term is not defined and is used narrowly in conjunction with the term "Spouse".

In sum, the Court concludes that to interpret the term "relatives" in the way suggested by the plaintiff would require construing the plain language of the policy in a manner leading to strained and absurd results. The Court is not impressed by the parade of general insurance law principles on which the plaintiff seeks to rely. Even though it is well established under New Hampshire law that the burden of proving that insurance coverage does not exist rests on the insurer, *Laconia Rod and Gun Club v. Hartford Accident and Indemnity Company,* 459 A.2d 249, 251 (N.H.1983); *Brown v. City of Laconia,* 386 A.2d 1276, 1277 (N.H.1978), this does not mean that an otherwise inapplicable clause in an insurance policy should be twisted beyond recognition. A clause is ambiguous only if the affected persons could reasonably differ as to its meaning. *Laconia Rod and Gun Club v. Hartford Accident and Indemnity Company, supra,* 459 A.2d at 251. Here, the Court does not think that reasonable people could construe the term "relatives" as providing coverage to a "corporate family".

In accordance with the reasoning of this opinion, the defendant's motion for summary judgment is granted. This action is hereby dismissed with prejudice.