462 So.2d 1202 (1985)
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Madeline HILSENRAD and Steven Garfield, Appellees.
Nos. 84-1374, 84-1687.
District Court of Appeal of Florida, Third District.
January 29, 1985.
*1203 McCune, Hiaasen, Crum, Ferris & Gardner and John R. Hargrove, Fort Lauderdale, for appellant.
Horton, Perse & Ginsberg and Edward Perse, Ronald W. Jabara, Miami, for appellees.
Before BARKDULL, HENDRY and BASKIN, JJ.
BARKDULL, Judge.
The defendant appeals an adverse final summary judgment and an order assessing attorney's fees and taxing costs.
The appellee Garfield, a 28 year old resident in the Hilsenrads' home, sustained injuries as a result of an automobile striking his bicycle. The owner and operator of the car which hit him was under-insured. Allstate insured the Hilsenrads with a policy providing uninsured motorist coverage. Garfield was not a named insured on the policy. Garfield has never had any connection by blood, marriage or adoption to the Hilsenrads. The Hilsenrads had known Garfield for some time prior to the time he moved in with them. While living with them, Garfield did not contribute any money to his support. At the time of the accident, Garfield had lived as a resident in the Hilsenrad home for at least seven years.
Allstate denied coverage claiming that Garfield was not entitled to benefits because he was not connected by blood, marriage or adoption to the Hilsenrads and therefore he was not a "relative" of the Hilsenrads entitled to coverage under the policy.[1] The trial court held that Garfield is and was at all times a "resident in household relative" of Hilsenrad. We find this to be error. Garfield was not an insured under the terms of the policy, nor under the definition of "relative", as provided in Section 627.732(4), Florida Statutes (1981).[2]
The appellee relies heavily on Brokenbaugh v. New Jersey Manufacturers Ins. Co., 158 N.J. Super. 424, 386 A.2d 433 (1978) which we find not to be controlling under the facts in this case. Coverage therein was found for the minor child who was injured when she was living with her natural mother and a man (the insured) as *1204 a family unit. This was an exception to the general rule that one not a relative by blood or marriage is not covered as a relative. Anderson v. St. Paul Fire and Marine Ins. Co., 570 F. Supp. 1222, (D.R.I. 1983); Sypien v. State Farm Mutual Automobile Ins. Co., 111 Ill. App.3d 19, 66 Ill.Dec. 780, 443 N.E.2d 706 (1982); Liprie v. Michigan Mutual Ins. Co., 143 So.2d 597 (La. App. 1962); Mickelson v. American Family Mutual Ins. Co., 329 N.W.2d 814 (Minn. 1983).
Therefore the summary judgment under review be and the same is hereby reversed with directions to enter summary judgment in favor of Allstate Insurance Company.
Reversed and remanded with directions.
NOTES
[1] Allstate Policy
 "Part IV
Uninsured Motorist Insurance
Coverage SS

* * * * * *
Persons Insured
You and any relative who resides in your household."
[2] "Section 627.732(4) Fla. Stat. (1981) Definitions"

* * * * * *
"(4) `Relative residing in the same household' means a relative of any degree by blood or by marriage who usually makes his home in the same family unit, whether or not temporarily living elsewhere."