OPINION OF THE COURT
William J. Davis, J.
The motion by plaintiffs Eisner and Gonzales, for summary judgment in lieu of complaint, is denied.
*745 The cross motion by Aetna Casualty and Surety Company, dismissing the complaint herein, is granted.
The cross motion by Theodore Associates, Inc., is granted.
The cross motion by Lea Polk, for summary judgment dismissing the fifth cause of action, is granted.
Plaintiff Eisner received an insurance policy from Aetna Casualty and Surety Company, in which Stuart Eisner is named as the insured. The definition for the term "insured” on the policy of insurance reads as follows:
" 'Insured’ means you and the following residents of your household:
"a) your relatives”.
The plaintiff claims that subdivision "a) your relatives” includes a cotenancy within that definition that would cover Michael Gonzales, his lifelong friend and companion with whom he has shared living quarters for 20 years.
While it is true that policies of insurance are to be strictly construed liberally in favor of the insured and strictly against the insurer, where the provisions of the policy are clear and unambiguous they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement. (Government Employees Ins. Co. v Kligler, 42 NY2d 863 [1977].)
A court will not strain to create unclarity (Caporino v Travelers Ins. Co., 62 NY2d 234 [1984]). Equitable considerations will not allow an extension of coverage beyond its fair intent and meaning, in order to obviate objections which might have been foreseen and guarded against.
The insurance policy clearly states Stuart Eisner, "insured.” When the plaintiff received this and previous policies containing his name only listed as the insured, he did not contact the insurance company to correct it, nor did he request Theodore Associates, the insurance broker, to include the name Michael Gonzales. Plaintiff Eisner, in his affidavit, fails to affirmatively raise an issue of fraud or mistake against Aetna or Theodore Associates and, consequently, raises no triable issue. (Designcraft Jewel Indus. v Rampart Brokerage Corp., 63 AD2d 926 [1st Dept 1978].)
The only way coverage could attach to Mr. Gonzales would be if he were a relative of plaintiff Eisner or a person under age 21, in Mr. Eisner’s care. Relative is defined as either through blood, consanguinity, or through marriage, affinity. *746 (Couch, Evidence §27:47 [2d rev ed]; see also, Woodbury v Schroeder, 116 Misc 673 [NY City Mun Ct, 1921].) Mr. Gonzales does not fall within either category.
Plaintiff Eisner further argues that as cotenants their interest is joint. However, cotenants’ interests are separate and independent from each other. (Matter of Moore, 16 AD2d 697 [2d Dept 1962].) Where one individual with an interest in property has obtained insurance to protect his interest and another person with an interest in the same property fails to protect his interest, the imprudent person who failed to obtain protection does not have a right to recover against the covered individual in the event the property is destroyed. (Harvey v Cherry, 76 NY 436 [1879].)
Defendant Polk, plaintiff’s landlord who has sued both tenants in a separate action, is not a necessary party in this action.