■ Francis C. Bellnier, Respondent, v David J. Bellnier, Appellant.—

Plaintiff commenced this partition action and a Referee was appointed to determine the parties' respective interests in the property. Following a hearing, the Referee determined that each party had a 50% interest in the parcel of land, but that David's greater contribution of money and labor to the construction of the house entitled him to a 60% interest in the structure, while Francis's interest was 40%.

Plaintiff moved to confirm the Referee's report. In the period between the hearing and the motion to confirm, however, the house was completely destroyed by fire. Plaintiff sought a declaration that he was entitled to 40% of the fire insurance proceeds. David opposed the motion on the grounds that the Referee's determination of the parties' respective interests in the property was not supported by the evidence

and that David, as the only named insured on the policy covering the property at the time of the loss, was solely entitled to the insurance proceeds. The court confirmed the Referee's report in all respects and determined that the parties' rights to the insurance proceeds were in the same 60/40 ratio established by the Referee as their respective interests in the structure. We affirm.

A Referee's determination is entitled to great weight, particularly in cases where the Referee, as trier of fact, must resolve conflicting testimony and matters of credibility *(see, Namer v 152-54-56 W. 15th St. Realty Corp.,* 108 AD2d 705; *Kardanis v Velis,* 90 AD2d 727). The Referee's decision in this action, equally dividing the real estate and effecting a 60/40 division of the value of the structure, is supported by the evidence and was properly confirmed.

The court properly determined that Francis is entitled to a 40% share of the proceeds of the insurance policy, which named only David as an insured. A cotenant is generally under no obligation to protect another cotenant's interest against loss by fire *(see, Harvey v Cherry,* 76 NY 436; *Graziane v National Sur. Corp.,* 120 AD2d 773, 775; *Eisner v Aetna Cas. & Sur. Co.,* 141 Misc 2d 744, 746; *see generally,* 5A Appleman, Insurance, ch 149, § 3361; 5 Couch, Insurance 2d § 29:9; 46 CJS, Insurance, § 1141), and a stranger to an insurance policy is not ordinarily entitled to share in the proceeds simply because he has an interest in the insured property *(Hawthorne v Hawthorne,* 13 NY2d 82; *Harvey v Cherry, supra,* at 441). The record in this action reveals, however, that David assumed a duty to insure the property for the benefit of both parties. The brothers clearly agreed to share the expenses of the property. Although he never resided at the house, Francis paid all of the utility bills. David, for his part, paid the real estate taxes and the insurance premiums. Until at least 1980, the property was insured in the names of both parties, and David never informed Francis that he later obtained coverage in his name alone. We conclude that, in these circumstances, David had an obligation to obtain insurance to protect Francis's interest in the property against loss by fire and that Francis is entitled to 40% of the insurance proceeds paid or to be paid to David.

The court properly directed that the property be sold at public auction. Plaintiff submitted uncontroverted evidence that the property, if divided, will not meet the lot size requirements of the Town of Scipio zoning ordinance. We agree with Supreme Court's findings that the possibility of obtaining a

variance is speculative and that the property cannot be partitioned without great prejudice to the interests of the parties *(see,* RPAPL 915). (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J.—partition and sale.) Present—Callahan, J. P., Boomer, Green, Pine and Lawton, JJ.