829 P.2d 1237

**Billy Frank GROVES and Evelyn Marie Groves, husband and wife, surviving parents of Michael Allen Groves, Plaintiffs/Appellants,**

v.

**STATE FARM LIFE AND CASUALTY CO., a foreign corporation doing business in the State of Arizona as State Farm Insurance Co., and Margaret Colbath, named insured, Defendants/Appellees.**

No. 2 CA–CV 91–0144.

Court of Appeals of Arizona, Division 2, Department A.

Jan. 16, 1992.

Review Denied June 2, 1992.

**192**

Thomas E. Johnson, Tucson, for plaintiffs/appellants.

Fennemore Craig, P.C. by Lawrence A. Peshkin and Janice Procter–Murphy, Phoenix, for defendants/appellees.

OPINION

LACAGNINA, Presiding Judge.

The sole issue in this appeal is whether the trial court correctly ruled that an ex-son-in-law is not a "relative," thereby denying him coverage as an insured under the terms of a homeowners insurance policy. We agree with the trial court and affirm.

The policy defines insured as follows:

4. "insured" means you and, if residents of your household,[1]

(a) your relatives;

"Relative" is not defined in the policy. Courts have defined the term "relative" in a number of ways, depending upon the circumstances and context in which the term is used. Usually, "relative" is defined as persons connected by blood (consanguinity) or marriage (affinity). *Liprie v. Michigan Millers Mutual Ins. Co.*, 143 So.2d 597 (La.App.1962); *Young v. State Farm Mutual Automobile Insurance*, 67 Haw. 544, 697 P.2d 40 (1985); *Eisner v. Aetna Casualty & Surety Co.*, 141 Misc.2d 744, 534 N.Y.S.2d 339 (1988); *Inman v. South Carolina Insurance Co.*, 300 S.C.

550, 389 S.E.2d 173 (App.1990). In this case, the policyholder's daughter had been divorced for many years before the incident giving rise to the claim of coverage. The divorce decree forever terminates the bonds of matrimony unless the parties remarry. *Davies v. Russell*, 84 Ariz. 144, 325 P.2d 402 (1958). Because the ex-son-in-law was not related to the policyholder by blood or marriage at the time material herein, the only conclusion the trial court could reach was that he was not an insured.

Groves argues that because the ex-son-in-law lived with the policyholder's daughter after the divorce, received mail at his mother-in-law's address, and visited his children living with his ex-wife at that address, he should be considered and "commonly thought of" as a relative. His relationships with his children and ex-wife after the divorce were not relevant to the issue of his legal relationship to his former mother-in-law. In insurance cases, one not a relative by blood or marriage is not covered as a relative. *Anderson v. St. Paul Fire and Marine Ins. Co.*, 570 F.Supp. 1222 (D.RI 1983); *Allstate Ins. Co. v. Hilsenrad*, 462 So.2d 1202 (Fla.App.1985); *Sypien v. State Farm Mutual Automobile Ins. Co.*, 111 Ill.App.3d 19, 66 Ill.Dec. 780, 443 N.E.2d 706 (1982); *Liprie v. Michigan Mutual Ins. Co., supra; Mickelson v. American Family Mutual Ins. Co.*, 329 N.W.2d 814 (Minn.1983).

In *Sypien*, the court rejected an argument that one definition of "relative" be relaxed to take into account a changing society and frequency of cohabitation by nonmarried couples and their nonadopted children. In that case, the court determined that the daughter of a party in cohabitation with the insured was not a relative. *See also Hartford Accident & Indemnity Co. v. Goossen*, 84 Cal.App.3d 649, 148 Cal.Rptr. 784, 786 (1978) ("[w]hatever the social status, under present morality, of a paramour, he is not a 'relative' within any [known] terminology"); *State Farm Mutual Automobile Ins. Co. v. Byrne*, 156 Ill.App.3d 1098, 109 Ill.Dec. 510, 510 N.E.2d 131 (1987) (no coverage of

1. The issue of residency was not presented to or decided by the trial court and is not an issue on appeal.

brother of insured's stepmother who lived in same household with insured).

We reject the two cases Grovès cites for the proposition that "affinity is not terminated by divorce or death when there are surviving children of the marriage." The cases are not liability insurance contract cases, and their reasoning has nothing to do with either the facts or the law involved in this case. *Steele v. Suwalski,* 75 F.2d 885 (7th Cir.1935), concerned the rights of beneficiaries under an insurance policy with regard to the provisions of the War Risk Insurance Act. In *Brotherhood of Locomotive Firemen and Engineers v. Hogan,* 5 F.Supp. 598 (1934), the issue was whether stepchildren were entitled to benefits under their former stepfather's insurance policy. The court held that affinity ceased to exist after a divorce.

State Farm is awarded attorneys' fees on appeal, upon filing the proper affidavits pursuant to Ariz.R.Civ.App.P. 21(c), 17B A.R.S. The judgment of the trial court is affirmed.

LIVERMORE, C.J., and HOWARD, J., concur.