■ Lisa M. Furnace, as Mother and Legal Guardian of Lyndsi J. Comins, an Infant, et al., Respondents, v Harry G. Comins, Appellant. [693 NYS2d 755] —Crew III, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered September 18, 1998 in St. Lawrence County, upon a decision of the court in favor of plaintiffs.

Plaintiff Lisa M. Furnace (hereinafter plaintiff) and defendant were married in 1979. In 1980, because plaintiff and defendant were unable to obtain financing, they persuaded plaintiff's parents, Leonard Kerr and Marie Kerr, to purchase a mobile home for them in the Town of Massena, St. Lawrence County. Plaintiff and defendant agreed to be responsible for all expenses of the mobile home, including the mortgage payments. In 1983 plaintiff, together with her two children, left the marital residence and, in 1986, plaintiff and defendant were divorced. As part of the divorce settlement, defendant was ordered to pay plaintiff $6,000 as her interest in the mobile home. Thereafter, in 1988 defendant, who was then remarried, and Leonard Kerr discussed transferring the property to defendant, at which time it was agreed that the children's names would be included on the deed. In accordance with that conversation, defendant received a deed in January 1989 transferring the mobile home to defendant and the children as joint tenants.

In 1994, fire destroyed the mobile home, as the result of which defendant received $69,842 from his insurance company, representing the insured value of the property. Defendant then attempted to rebuild on the property, but because the children were designated as joint tenants, he was unable to obtain financing and eventually built a home elsewhere. Plaintiff then commenced the instant action, individually and as guardian of her two children, seeking an accounting, partition and recovery

of any sums rightfully belonging to the children.* The complaint thereafter was amended, alleging conversion and unjust enrichment and seeking imposition of a constructive trust. Following a bench trial, Supreme Court imposed a constructive trust upon the insurance proceeds and a money judgment was entered in the amount of $46,561.33, representing two thirds of the value of the residence. Defendant now appeals.

Imposition of a constructive trust requires a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment (*see, e.g.*, *Sharp v Kosmalski*, 40 NY2d 119, 121). Assuming, without deciding, that the first three elements are present here, we are of the view that the element of unjust enrichment is lacking and, accordingly, conclude that Supreme Court erred in imposing a constructive trust upon the insurance proceeds.

We begin our analysis by noting that a "[j]oint tenancy does not create equality of interests, but rather, the right of survivorship" (*Novak v Novak*, 135 Misc 2d 909, 910). Additionally, as a general rule, a cotenant is under no obligation to protect another cotenant's interest against loss by fire (*see, Graziane v National Sur. Corp.*, 120 AD2d 773, 775). Thus, strangers to an insurance policy, as are the children here, ordinarily are not entitled to share in the insurance proceeds simply because they have an interest in the insured property (*see generally*, *Hawthorne v Hawthorne*, 13 NY2d 82). To the extent that plaintiffs rely upon the exception to these general principles as recognized in *Bellnier v Bellnier* (158 AD2d 947), we find such case to be distinguishable from the matter before us.

In *Bellnier v Bellnier* (*supra*), the plaintiff and the defendant held property as joint tenants. Together they built a house on the property and agreed to share all expenses, with the plaintiff paying the utilities and the defendant paying the real estate taxes and insurance premiums. The record revealed that the property was insured in the names of both the plaintiff and the defendant for a number of years when the defendant, without the plaintiff's knowledge, began insuring the property in his name alone. When the property was destroyed by fire, the plaintiff brought an action seeking a portion of the insurance proceeds. The court found that the defendant assumed a duty to insure the property for the benefit of both parties and held that the plaintiff was entitled to 40% of the insurance proceeds paid to the defendant.

---

* During pendency of the action, plaintiff abandoned her individual claims against defendant and, as a result of her son attaining the age of 18, the caption was amended to reflect his proceeding in his own capacity.

Here, however, the children made no contribution toward the expenses of the property, nor did defendant expect them to do so. Defendant, at the time of his divorce, was ordered to pay his wife her distributive share of the marital residence and thereafter continued to make the requisite payments to his father-in-law while paying utilities, taxes and insurance premiums. Moreover, the record makes plain that defendant undertook substantial renovations throughout his occupancy of the residence. In these circumstances, we perceive no obligation on defendant's part to protect the children's interests against loss by fire and no unjust enrichment in his retaining the proceeds of the insurance, which reimbursed him for the actual expenditures made solely by him during his occupancy of the residence. Accordingly, Supreme Court erred in imposing a constructive trust.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and complaint dismissed.