■ HYDRO INVESTORS, INC., Respondent-Appellant, v TRAFALGAR POWER, INC., et al., Appellants-Respondents. [775 NYS2d 402]—

Cardona, P.J. Cross appeals from an order of the Supreme Court (Sise, J.), entered April 6, 2001 in Hamilton County, which denied plaintiff's motion for an accounting and imposition of a constructive trust and denied defendants' cross motion for summary judgment dismissing the complaint.

In 1985, plaintiff and defendant Trafalgar Power, Inc. (hereinafter TPI) executed a written agreement (hereinafter the 1985 Agreement) to jointly develop hydroelectric projects in the Adirondack region of upstate New York. Under the terms of the 1985 Agreement, plaintiff would provide engineering expertise to develop the projects and TPI would provide capital financing. The 1985 Agreement further contemplated that the parties would create a separate joint venture for each hydroelectric project by executing a "Form of Schedule" detailing, among other things, the project's purpose, budget and ownership plan.

Plaintiff and TPI proceeded to develop seven hydroelectric projects together. Of these projects, three were undertaken as joint ventures pursuant to Forms of Schedule, three had writings memorializing the agreements but no Forms of Schedule, and the remaining project, the Christine Falls Project, was allegedly undertaken pursuant to an oral joint venture agreement. In 1989, plaintiff commenced an action against TPI and others in federal court to enforce the agreements for the three projects that had been formalized by Forms of Schedule and the three that had been memorialized by other writings. A jury in that action found that joint ventures had been formed for all six of the projects at issue.[1]

In 1989, plaintiff commenced this action against TPI and defendant Christine Falls Corporation, a wholly-owned subsidiary

---

1. The federal jury also found that TPI had not breached any of the agreements and, in a consolidated action by TPI, further found plaintiff's principal, Neal Dunlevy, and Dunlevy's former employer, Stetson-Harza, liable to TPI for $7.6 million in damages for engineering malpractice (*see Hydro Investors, Inc. v Trafalgar Power, Inc.*, 63 F Supp 2d 225, 226 [ND NY 1999], *affd in part, vacated in part* 227 F3d 8, 13 [2d Cir 2000]).

of TPI and the record owner of the Christine Falls Project site, alleging that the Christine Falls Project was also a joint venture between it and TPI by virtue of a 1986 oral agreement between the parties' principals. According to plaintiff, the parties agreed to jointly develop the project, with plaintiff to have a 25% ownership interest. Plaintiff maintains that TPI refused to honor the agreement and, instead, dissipated the assets of the joint venture. As a result, plaintiff seeks, among other things, specific performance of the alleged oral joint venture agreement. Plaintiff subsequently moved for an accounting and imposition of a constructive trust, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied both motions, and these cross appeals ensued.

Turning first to defendants' cross appeal, they argue that plaintiff is estopped from bringing this action to enforce the alleged oral agreement, which, in any event, they maintain violates the terms of the 1985 Agreement, violates the statute of frauds and is otherwise invalid. Initially, we do not agree with defendants' contention that plaintiff's claims have been decided in other forums and, thus, are barred here. Under the doctrine of res judicata, or claim preclusion, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). The parallel doctrine of collateral estoppel, or issue preclusion, further " 'precludes a party from relitigating in a subsequent . . . proceeding an issue clearly raised in a prior . . . proceeding and decided against that party . . ., whether or not the . . . causes of action are the same' " (*Matter of Antoinette*, 291 AD2d 733, 734 [2002], *lv denied* 98 NY2d 604 [2002], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]).

Here, defendants maintain that plaintiff's claims regarding the existence and validity of the alleged oral agreement to develop the Christine Falls Project were necessarily decided by the jury in plaintiff's federal action concerning the other six projects. However, the alleged oral agreement to develop the Christine Falls Project was not a subject in that litigation and the jury's verdict simply did not decide the questions now before us. Nor, in our view, was plaintiff required to litigate these questions in its federal action inasmuch as it has alleged an oral agreement herein that raises factual questions separate and distinct from the written transactions at issue in the federal litigation.

Defendants also claim that a decision in a separate federal action rendered during the pendency of this appeal precludes plaintiff's claims. Plaintiff had commenced a proceeding to challenge certain licensing actions by the Federal Energy Regulatory Commission with regard to its projects with TPI. The reviewing court dismissed plaintiff's petition for lack of standing after finding that it was not aggrieved because its interests in the projects at issue were worthless (*see Hydro Investors, Inc. v F.E.R.C.*, 351 F3d 1192 [DC Cir 2003]). As is relevant here, the Court specifically noted that the instant litigation was pending and did not decide the validity of plaintiff's claim to an interest in the project at issue here (*id.* at 1195). Accordingly, we conclude that plaintiff is not estopped from pursuing this action.

Defendants further contend that the alleged oral agreement violates the statute of frauds because the agreement could not be performed within one year and the project required the acquisition of real property. Clearly, "[t]he statute of frauds requires that every agreement that, by its own terms, cannot be performed within one year, or that creates an interest in real property, is void and unenforceable unless such agreement is made in writing and subscribed by the party to be charged" (*Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 794-795 [2002]; *see* General Obligations Law § 5-701 [a] [1]; § 5-703 [1]). However, the oral agreement, as alleged by plaintiff, provides for distribution of plaintiff's 25% interest in the joint venture without regulating the time of performance and, thus, was capable of being performed within one year (*see Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 265 [1977]; *Mann v Helmsley-Spear, Inc.*, 177 AD2d 147, 149-151 [1992]; *W.L. Christopher, Inc. v Seamen's Bank for Sav.*, 144 AD2d 809, 811 [1988]). Further, an oral joint venture agreement that involves interests in real property, such as the one alleged here, does not run afoul of the writing requirement because the underlying interest in the joint venture is properly considered personalty (*see Barash v Estate of Sperlin*, 271 AD2d 558, 559 [2000]; *Walsh v Rechler*, 151 AD2d 473, 473 [1989]). Therefore, defendants' statute of fraud defenses are unavailing.

Additionally, defendants' reliance on the merger clause of the 1985 Agreement has no merit. Plaintiff has alleged that a separate oral agreement to develop the Christine Falls Project was reached without executing a Form of Schedule or otherwise invoking the 1985 Agreement. Thus, the merger clause of the

1985 Agreement is inapplicable.[2] Furthermore, we agree with Supreme Court that defendants' remaining contention, namely, that the alleged oral agreement is not supported by adequate consideration, cannot be determined on this record. Therefore, defendants' motion for summary judgment was properly denied.

Finally, turning to plaintiff's appeal from the denial of its motion, the existence of a fiduciary relationship between the parties is a prerequisite to the equitable relief of both an accounting (*see Weisman v Awnair Corp. of Am.*, 3 NY2d 444, 450 [1957]; *Berke v Hamby*, 279 AD2d 491, 492 [2001]) and the imposition of a constructive trust (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Furnace v Comins*, 263 AD2d 856, 857 [1999], *lv denied* 94 NY2d 754 [1999]). Here, the existence of the alleged joint venture, and resulting fiduciary relationship, has not yet been established and, thus, the relief sought by plaintiff is premature.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** To the extent that defendants argue that new joint ventures can be created only by Forms of Schedule, we note that this issue was, in fact, decided otherwise by the federal jury.