■ In the Matter of DANIEL XX., Respondent-Appellant. JOSEPH J. COLARUSSO, as Director of Sunmount Developmental

---

Disabilities Services Office, Appellant-Respondent. [798 NYS2d 262]—

Mugglin, J. Cross appeals from a judgment of the Supreme Court (Feldstein, J.), entered February 14, 2005 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 15, for the involuntary retention of respondent.

Respondent's first two retention hearings resulted in court orders retaining him for 60 days and one year, respectively, and a third one-year retention order was entered on consent. In this fourth proceeding, Supreme Court decided that (1) the principles of res judicata or issue preclusion do not apply and petitioner must prove all statutory elements by clear and convincing evidence, including the element that respondent's disability originated before his 22nd birthday, (2) petitioner's proof of onset before age 22 consisted of inadmissible hearsay, and (3) despite petitioner's adequate proof of all other elements, the petition for involuntary retention must be dismissed. Both parties appeal.

Petitioner does not assert that respondent is mentally retarded. Rather, petitioner seeks continued retention of respondent because of a developmental disability. Therefore, as applicable to this case, petitioner had to establish that respondent has a disability attributable to neurological impairment that originated before respondent's 22nd birthday and that the disability has continued or will continue for an indefinite period and substantially handicaps respondent's ability to function normally in society (see Mental Hygiene Law § 1.03 [22] [b]). These issues were necessarily litigated and decided in the prior retention hearings from which respondent took no appeal. While we agree with Supreme Court that a person's current mental status is not subject to issue preclusion, as it is always changing and evolving (see People ex rel. Leonard HH. v Nixon, 148 AD2d 75, 79 [1989]), the subissues of the existence of a neurological impairment and the age of onset are static and need not be

proven in successive retention hearings as respondent was previously afforded a full and fair opportunity to litigate these issues (*see Bansbach v Zinn*, 1 NY3d 1, 10 [2003]; *Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 884 [2004]). As a result of this holding, we find it unnecessary, as academic, to discuss the issue of the hearsay objection to petitioner's proof concerning these issues in this proceeding.

On his cross appeal, respondent asserts that petitioner's proof was not clear and convincing with respect to the remaining issues. As respondent originally was a voluntary resident at petitioner's facility, Mental Hygiene Law § 15.13 (b) requires respondent's release unless he is "in need of involuntary care and treatment." The quoted phrase is defined in Mental Hygiene Law § 15.01 as meaning that "a person is in need of inpatient care and treatment as a resident in a school, that such care and treatment is essential to his welfare, and that his judgment is so impaired that he is unable to understand the need for such care and treatment." We agree with Supreme Court that petitioner adequately proved these elements. The proof established, among other things, that respondent has significant cognitive impairments and adaptive behavior deficits which prevent him from becoming able to make decisions that are in his best interests. Without medication, his criminal record indicates that he is a danger to himself as well as to others and he, according to the evidence, is incapable of taking his medication outside a supervised setting. Moreover, if released, the evidence establishes that he is at great risk for relapsing into substance abuse and crime.

Peters, Spain and Carpinello, JJ., concur; Cardona, P.J., not taking part. Ordered that the judgment is reversed, on the law, without costs, and petition granted.