NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,
*Plaintiff/Appellee,*

*v.*

SELA MAILE, *Defendant/Appellant.*

No. 1 CA-CV 17-0723
FILED 10-18-2018

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2016-052020
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

———————————————

COUNSEL

Robinson & Allen PLC, Mesa
By Dale W. Robinson
*Counsel for Defendant/Appellant*

Herman Goldstein & Woods Law Firm, Phoenix
By Evan S. Goldstein, Christi A. Woods, Hesam Alagha
*Counsel for Plaintiff/Appellee*

_____

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

_____

**B R O W N**, Judge:

¶1        Sela Maile challenges the superior court's entry of summary judgment finding that a homeowners' policy issued to her mother-in-law, Amelia Maile, did not provide coverage for Sela's claims against other family members stemming from a fire at Amelia's home.  For the following reasons, we affirm.

## BACKGROUND

¶2        This insurance coverage dispute arises out of the fire that occurred at Amelia's home on August 19, 2014.  The home was insured under a House & Home Policy ("the Policy") issued by Allstate Vehicle and Property Insurance Company ("Allstate").  At the time of the fire, Sela resided at the home with her husband Benjamin Maile and her son Sevod Maile.  Benjamin suffered severe injuries in the fire and died that evening.

¶3        In March 2016, Sela demanded coverage under the Policy for claims relating to bodily injuries she suffered from the fire and for Benjamin's wrongful death, which would also benefit Sevod as a statutory beneficiary.  Allstate filed a declaratory relief action, alleging it had no duty to defend or indemnify either Amelia or Samisoni Maile, Amelia's son, against Sela's claims.

¶4        Neither Amelia nor Samisoni appeared or responded to Allstate's application for default; thus, the superior court entered default judgment against them on August 30, 2016.  Allstate then moved for summary judgment, asserting the default judgment precluded Sela from pursuing coverage under the Policy.  Allstate also asserted the Policy did not provide coverage because Sela and Sevod were "resident relatives" of Amelia, the named insured, at the time of the fire.  The Policy's Family Liability Protection coverage contains the following exclusion:

> We do not cover bodily injury to an insured person . . . whenever any benefit of this coverage would accrue directly or indirectly to an insured person.

The Policy's Guest Medical Protection coverage contains a similar exclusion:

> We do not cover bodily injury to any insured person or regular resident of the insured premises.

The Policy defines "insured person" as follows:

> Insured person(s) — means you and, if a resident of your household:
>
> a)      any relative; and
>
> b)      any person under the age of 21 in your care.

The superior court granted summary judgment in favor of Allstate, concluding that Sela was a resident relative based on the Policy's unambiguous language. Sela timely appealed.

## DISCUSSION

¶5          Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. Proc. 56(a). "We review the grant of summary judgment de novo to determine whether any genuine issue of material fact exists," viewing the evidence and all reasonable inferences in the non-moving parties' favor. *Russell Piccoli P.L.C. v. O'Donnell*, 237 Ariz. 43, 46–47, ¶ 10 (App. 2015) (citation omitted).

¶6          Sela contends the superior court erred in finding the "resident relative" exclusions quoted above bar coverage. We review the superior court's interpretation of the Policy de novo. *Emp'rs Mut. Cas. Co. v. DGG & CAR, Inc.*, 218 Ariz. 262, 264, ¶ 9 (2008) (citation omitted). We construe policy terms according to their plain and ordinary meaning. *Desert Mountain Props. Ltd. v. Liberty Mut. Fire Ins.*, 225 Ariz. 194, 200, ¶ 14 (App. 2010), *aff'd*, 226 Ariz. 419 (2011). We also strive to give policy terms a "practical and reasonable construction" that supports the parties' intentions. *Allstate Ins. Co. v. Powers*, 190 Ariz. 432, 435 (App. 1997) (quoting *Stearns-Roger Corp. v. Hartford Accident & Indem. Co.*, 117 Ariz. 162, 165 (1977)).

¶7          Citing Arizona Revised Statutes ("A.R.S.") section 12-542(2), Sela argues her wrongful death claim did not accrue until Benjamin died approximately fifteen hours after the fire because from that time forward

she did not intend to reside at Amelia's home ever again. According to Sela, she did not reside in Amelia's home when her claim accrued under § 12-542(2) and therefore the "resident relative" exclusion does not apply.

¶8　　　　Although it is understandable that Sela would not want to live in the fire-damaged home, her future intentions did not remove her from the Policy's "insured person" definition. Policy coverage is triggered by an "occurrence," which the Policy defines as an accident that results in bodily injury or property damage. The occurrence in this case was the fire, not Benjamin's death later that night. Allstate presented undisputed evidence that Sela and Sevod lived at Amelia's home for approximately two years until the fire and had no other residence during that time. Sela's subsequent decision to no longer reside at Amelia's home does not change her status as a resident when the fire occurred.

¶9　　　　Sela also argues the term "relative" is not defined in the Policy, is ambiguous, and should be construed narrowly in her favor. "In interpreting an insurance policy, we apply a 'rule of common sense' thus, 'when a question of interpretation arises, we are not compelled in every case of apparent ambiguity to blindly follow the interpretation least favorable to the insurer.'" *Emp'rs Mut. Cas. Co.*, 218 Ariz. at 264, ¶ 9 (quoting *State Farm Mut. Auto Ins. Co. v. Wilson*, 162 Ariz. 251, 257 (1989)). A policy term is ambiguous if it is susceptible to "conflicting reasonable interpretations." *Teufel v. Am. Family Mut. Ins. Co.*, 244 Ariz. 383, 385, ¶ 10 (2018) (quoting *Wilson*, 162 Ariz. at 258). In *Teufel*, our supreme court interpreted an insurance policy to determine whether an exclusion barring personal liability claims arising "under any contract" should be interpreted narrowly to only exclude contract claims, or broadly to also exclude claims arising out of negligence. *Id.* at 386, ¶¶ 13–15. The court determined the exclusion was ambiguous because the parties offered conflicting, yet reasonable interpretations. *Id.* at ¶ 17. In contrast, the parties here do not offer reasonable conflicting interpretations of the term "relative" that would render it ambiguous.

¶10　　　Sela contends "relative" should be construed to mean "someone must be related by 'blood' or 'common descent.'"[1] Sela provides no authority, however, to support her assertion. Further, her proffered construction of the term is inconsistent with Arizona precedent. In *Groves v. State Farm Life & Casualty Co.*, 171 Ariz. 191, 192 (App. 1992), where we

---

[1]　　　At oral argument before this court, Sela conceded that Sevod is a "relative" of Amelia under the terms of the Policy.

addressed whether an ex-son-in-law was related to the insured, we explained that "[u]sually, 'relative' is defined as persons connected by blood (consanguinity) or marriage (affinity)." *Id.* We stated further, "[i]n insurance cases, one not a relative by blood *or marriage* is not covered as a relative." *Id.* (emphasis added) (citations omitted). We see no reason to deviate from our prior interpretation of the term "relative." *See also* 9A Couch on Insurance § 128.12 (3d ed. 2018) (stating that for purposes of an exclusionary provision in a homeowners' policy, "relative" is generally defined as "a person connected by blood, marriage, or adoption").

¶11        Sela's reliance on *Frost v. Whitbeck*, 654 N.W.2d 225 (Wis. 2002) is misplaced. While *Frost* involved a "resident relative" exclusion, the claimant and the insured in that case were "third cousins separated by eight degrees of kinship." *Frost,* 654 N.W.2d at 228. Here, in stark contrast, Sela was Amelia's daughter-in-law.[2] Notably, *Frost* dealt with determining how closely related *blood* relatives must be for purposes of an exclusionary provision and did not involve determining relation by affinity, as is the issue here.

¶12        Sela has offered no reasonable interpretation of "relative" that would not include a daughter-in-law, and thus, the term is not ambiguous. Moreover, even if "relative" could be ambiguous in situations involving relation by affinity, we resolve any ambiguity "by examining the transaction as a whole, including the policy language and the insured's reasonable expectations." *Teufel*, 224 Ariz. at 386, ¶ 17. In its entirety, the Policy language leaves no reasonable expectation that coverage would extend to a daughter-in-law who had lived in the insured's home for approximately two years. We therefore conclude that Sela was a "resident relative" under the terms of the Policy and that the Policy does not provide coverage for Sela's claims. Given this conclusion, we need not address the issue of claim preclusion.

## CONCLUSION

¶13        We affirm the superior court's grant of summary judgment. As the prevailing party on appeal, we award taxable costs to Allstate; we also grant Allstate's request for reasonable attorneys' fees incurred on

---

2        In her reply brief, Sela contends she was not a relative of Amelia under the Policy because she was no longer Amelia's daughter-in-law following Benjamin's death. This argument fails because the "occurrence" that triggered coverage was the fire, not Benjamin's death.

appeal under A.R.S. § 12-341.01(A), subject to compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA